UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORLDS, INC., | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | §  Civil Action No. |
| ACTIVISION BLIZZARD, INC.,  BLIZZARD | § |
| ENTERTAINMENT, INC., and ACTIVISION | §  JURY TRIAL DEMANDED |
| PUBLISHING, INC., | § |
| | § |
| Defendants. | § |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Worlds, Inc. ("Worlds"), alleges the following:

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2.      Plaintiff, Worlds, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 11 Royal Road, Brookline, Massachusetts.

3.      Defendant Activision Blizzard, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 3100 Ocean Park Boulevard, Santa Monica, CA.

4.      Defendant Blizzard Entertainment, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 3100 Ocean Park Boulevard, Santa Monica, CA.

5.      Defendant Activision Publishing, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 3100 Ocean Park Boulevard,

Santa Monica, CA.

6.      On information and belief, Blizzard Entertainment is a wholly owned subsidiary of Activision Blizzard and transacts substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

7.      On information and belief, Blizzard Entertainment has offered and sold, and continues to offer and sell, in this judicial district and elsewhere in the United States, its *World of Warcraft* massively multiplayer online role playing game (MMORPG).

8.      On information and belief, Activision Blizzard is actively involved in the management and control of Blizzard Entertainment with regard to the latter's offer for sale and sale of the *World of Warcraft* MMORPG.

9.      On information and belief, Activision Blizzard holds itself out as being, through Blizzard Entertainment, the leading publisher of MMORPGs that compete in the subscription-based MMORPG space.

10.      On information and belief, Activision Blizzard represents Blizzard Entertainment to be one of its operating segments, derives a substantial portion of its revenues from *World of Warcraft* subscriptions, owns *World of Warcraft,* and owns or controls data servers that host the *World of Warcraft* MMORPG.

11.      On information and belief, Activision Publishing, Inc. is a wholly owned subsidiary of Activision Blizzard and transacts substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

12.      On information and belief, Activision Publishing has offered and sold, and continues to offer and sell, in this judicial district and elsewhere in the United States, its *Call of Duty* video game (with multiplayer mode).

13.      On information and belief, Activision Blizzard is actively involved in the

management and control of Activision Publishing with regard to the latter's offer for sale and sale of the *Call of Duty* video game.

14.     On information and belief, Activision Blizzard holds itself out as the owner of *Call of Duty* video game franchise and its intellectual property.

15.     On information and belief, Activision Blizzard represents Activision Publishing to be one of its operating segments and that the *Call of Duty* franchise has generated $4.2 billion in revenues to date.

16.     Activision Blizzard, Blizzard Entertainment and Activision Publishing are collectively referred to herein as "Activision." Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Activision.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     This Court has personal jurisdiction over Activision because Activision has committed acts of infringement in violation of 35 U.S.C. § 271 and has offered and provided to customers in Massachusetts subscription to and use of Activision's *World of Warcraft* and *Call of Duty* video games.   Additionally, Activision regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this district and has purposefully established substantial, systematic, and continuous contacts with this district and expects, or should reasonably expect, to be haled into court here.   Moreover, Activision Blizzard exercises sufficient control over Blizzard Entertainment and Activision Publishing as to render the latter two instrumentalities of the former.   Thus, this Court's exercise of jurisdiction over Activision

will not offend traditional notions of fair play and substantial justice.

19.     These acts cause injury to Worlds within the district.  On information and belief, Activision's products continue to be offered in channels of commerce with the intent that customers located in this district make use of Activision's *World of Warcraft* and *Call of Duty Video* games within this district.

20.     On information and belief, Activision will derive substantial revenue from the use of Activision's *World of Warcraft* and *Call of Duty* video games within this district, and/or expects or should reasonably expect its actions to have consequences within the district, and derives substantial revenue from interstate and international commerce.

21.     Activision has knowingly induced, and continues to knowingly induce, infringement within this district by offering to employ Activision's *World of Warcraft and Call of Duty* video games with the knowledge and intent of facilitating infringing transactions within this district and by creating and/or disseminating user guides and other instructional and promotional materials for Activision's *World of Warcraft* and *Call of Duty* video games with like mind and intent.

22.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).


## COUNT 1 - INFRINGEMENT OF U.S. PATENT NO. 8,082,501

23.     On December 20, 2011 United States Patent No. 8,082,501 ("the '501 patent") was duly and legally issued for an invention entitled "System and Method for Enabling Users to Interact in a Virtual Space."  The '501 patent has been assigned by the inventors to Worlds, and Worlds is the sole and exclusive owner of the '501 patent and holds all rights and interests in the '501 patent.  Among other things, Worlds holds the sole and exclusive rights to manufacture,

use, sell, import and offer to sell under the '501 patent and the right to enforce the '501 patent against alleged infringers.

24.     Worlds has complied with any applicable statutory notice requirements by posting notice of the '501 patent on its website and downloadable software.

25.     Activision has infringed and continues to infringe one or more claims of the '501 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of its Worlds of Warcraft MMORPG, which embodies one or more claims of the '501 patent.  Activision also has infringed and continues to infringe one or more claims of the '501 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale its Worlds of Warcraft MMORPG.  Activision is liable for its infringement of the '501 patent pursuant to 35 U.S.C. § 271.

26.     Activision's acts of infringement have caused damage to Worlds, and Worlds is entitled to recover from Activision the damages it has sustained as a result of Activision's wrongful acts in an amount subject to proof at trial.  Worlds has owned the '501 patent throughout the period of Activision's infringing acts.  Activision's infringement of Worlds' exclusive rights under the '501 patent will continue to damage Worlds, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

27.     Upon information and belief, Activision's infringement of the '501 patent is willful and deliberate, entitling Worlds to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

28.     Activision has been on constructive notice of the '501 patent since at least as early as December 20, 2011 when the '501 patent was issued. Moreover, upon information and belief, Activision has been aware of Worlds' patent portfolio through its knowledge of Worlds' infringement litigation against NCSoft Corporation, Civil Action No. 6:08-cv-508 in the Eastern

District of Texas.   Nevertheless, Activision has infringed and continues to infringe the '501 patent.

## COUNT 2 - INFRINGEMENT OF U.S. PATENT NO. 7,945,856

29.     On May 17, 2011 United States Patent No. 7,945,856 ("the '856 patent") was duly and legally issued for an invention entitled "System and Method for Enabling Users to Interact in a Virtual Space."  The '856 patent has been assigned by the inventors to Worlds, and Worlds is the sole and exclusive owner of the '856 patent and holds all rights and interests in the '856 patent.  Among other things, Worlds holds the sole and exclusive rights to manufacture, use, sell, import and offer to sell under the '856 patent and the right to enforce the '856 patent against alleged infringers.

30.     Worlds has complied with any applicable statutory notice requirement by posting notice of the '856 patent on its website and downloadable software.

31.     Activision has infringed and continues to infringe one or more claims of the '856 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of its *Worlds of Warcraft* and *Call of Duty* video games, which each embody one or more claims of the '856 patent.  Activision also has infringed and continues to infringe one or more claims of the '856 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale its Worlds of Warcraft and Call of Duty video games.  Activision is liable for its infringement of the '856 patent pursuant to 35 U.S.C. § 271.

32.     Activision's acts of infringement have caused damage to Worlds, and Worlds is entitled to recover from Activision the damages it has sustained as a result of Activision's wrongful acts in an amount subject to proof at trial.  Worlds has owned the '856 patent throughout the period of Activision's infringing acts.  Activision's infringement of Worlds'

exclusive rights under the '856 patent will continue to damage Worlds, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

33.     Upon information and belief, Activision's infringement of the '856 patent is willful and deliberate, entitling Worlds to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

34.     Activision has been on constructive notice of the '856 patent by at least as early as May 17, 2011 when the '856 patent was issued. Moreover, upon information and belief, Activision has been aware of Worlds' patent portfolio through its knowledge of Worlds' infringement litigation against NCSoft Corporation, Civil Action No. 6:08-cv-508 in the Eastern District of Texas. Nevertheless, Activision has infringed and continues to infringe the '856 patent.


## COUNT 3 - INFRINGEMENT OF U.S. PATENT NO. 7,493,558

35.     On February 17, 2009, United States Patent No. 7,493,558 ("the '558 patent") was duly and legally issued for an invention entitled "System and Method for Enabling Users to Interact in a Virtual Space." The '558 patent has been assigned by the inventors to Worlds, and Worlds is the sole and exclusive owner of the '558 patent and holds all rights and interests in the '558 patent. Among other things, Worlds holds the sole and exclusive rights to manufacture, use, sell, import and offer to sell under the '558 patent and the right to enforce the '558 patent against alleged infringers.

36.     Worlds has complied with any applicable statutory notice requirements by posting notice of the '558 patent on its website and downloadable software.

37.     Activision has infringed and will continue to infringe one or more claims of the '558 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of its

*Worlds of Warcraft* and *Call of Duty* video games, which each embody one or more claims of the '558 patent.  Activision also has infringed and continues to infringe one or more claims of the '558 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale its *Worlds of Warcraft* and *Call of Duty* video games.   Activision is liable for its infringement of the '558 patent pursuant to 35 U.S.C. § 271.

38.     Activision's acts of infringement have caused damage to Worlds, and Worlds is entitled to recover from Activision the damages it has sustained as a result of Activision's wrongful acts in an amount subject to proof at trial.   Worlds has owned the '558 patent throughout the period of the Activision's infringing acts.  Activision's infringement of Worlds' exclusive rights under the '558 patent will continue to damage Worlds, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

39.     Upon information and belief, Activision's infringement of the '558 patent is willful and deliberate, entitling Worlds to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

40.     Activision has been on constructive notice of the '558 patent by at least as early as February 17, 2009, when the '558 patent was issued. Moreover, upon information and belief, Activision has been aware of Worlds' patent portfolio through its knowledge of Worlds' infringement litigation against NCSoft Corporation, Civil Action No. 6:08-cv-508 in the Eastern District of Texas. Nevertheless, Activision has infringed and continues to infringe the '558 patent.

## COUNT 4 - INFRINGEMENT OF U.S. PATENT NO. 7,181,690

41.     On February 20, 2007, United States Patent No. 7,181,690 ("the '690 patent") was duly and legally issued for an invention entitled "System and Method for Enabling Users to

Interact in a Virtual Space."  The '690 patent has been assigned by the inventors to Worlds, and Worlds is the sole and exclusive owner of the '690 patent and holds all rights and interests in the '690 patent.  Among other things, Worlds holds the sole and exclusive rights to manufacture, use, sell, import and offer to sell under the '690 patent and the right to enforce the '690 patent against alleged infringers.

42.      Worlds has complied with any applicable statutory notice requirements by posting notice of the '690 patent on its website and downloadable software.

43.      Activision has infringed and will continue to infringe one or more claims of the '690 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of its *Worlds of Warcraft* and *Call of Duty* video games, which each embody one or more claims of the '690 patent.  Activision also has infringed and continues to infringe one or more claims of the '690 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale its *Worlds of Warcraft* and *Call of Duty* video games.     Activision is liable for its infringement of the '690 patent pursuant to 35 U.S.C. § 271.

44.      Activision's acts of infringement have caused damage to Worlds, and Worlds is entitled to recover from Activision the damages it has sustained as a result of Activision's wrongful acts in an amount subject to proof at trial.  Worlds has owned the '690 patent throughout the period of the Activision's infringing acts.  Activision's infringement of Worlds' exclusive rights under the '690 patent will continue to damage Worlds, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

45.      Upon information and belief, Activision's infringement of the '690 patent is willful and deliberate, entitling Worlds to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

46.      Activision has been on constructive notice of the '690 patent by at least as early

as February 20, 2007, when the '690 patent was issued. Moreover, upon information and belief, Activision has been aware of Worlds' patent portfolio through its knowledge of Worlds' infringement litigation against NCSoft Corporation, Civil Action No. 6:08-cv-508 in the Eastern District of Texas. Nevertheless, Activision has infringed and continues to infringe the '690 patent.

## PRAYER FOR RELIEF

WHEREFORE, Worlds requests entry of judgment in its favor and against the Activision defendants as follows:

a. Declaring that the Activision defendants have infringed U.S. Patent Nos. 8,082,501; 7,945,856; 7,493,558; and 7,181,690.

b. Awarding the damages arising out of the Activision defendants' infringement of U.S. Patent Nos. 8,082,501; 7,945,856; 7,493,558; and 7,181,690, including enhanced damages pursuant to 35 U.S.C. § 284, to Worlds, together with prejudgment and post-judgment interest, in an amount according to proof;

c. Permanently enjoining the Activision defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 8,082,501; 7,945,856; 7,493,558; and 7,181,690;

d. Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e. Awarding such other costs and further relief as the Court may deem just and proper.

## JURY DEMAND

Worlds requests a trial by jury.

Dated: March 30, 2012                     Respectfully submitted,

                                          **WORLDS, INC.,**

                                          By its attorneys,

                                           /s/ Joel R. Leeman
                                          Joel R. Leeman, BBO # 292070
                                          Jack C. Schecter, BBO # 652349
                                          SUNSTEIN KANN MURPHY
                                              & TIMBERS LLP
                                          125 Summer Street
                                          Boston, MA 02110-1618
                                          Tel: 617-443-9292
                                          jleeman@sunsteinlaw.com
                                          jschecter@sunsteinlaw.com

                                          *Pro hac vice (pending):*

                                          Max L. Tribble
                                          Joseph S. Grinstein
                                          Sandeep Seth
                                          Ryan Caughey
                                          SUSMAN GODFREY L.L.P.
                                          1000 Louisiana, Suite 5100
                                          Houston, TX 77002-5096
                                          (713) 651-9366
                                          mtribble@susmangodfrey.com
                                          jgrinstein@susmangodfrey.com
                                          sseth@susmangodfrey.com
                                          rcaughey@susmangodfrey.com

03795/05001  1618056.1