# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORLDS, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 1:12-cv-10576-DJC <br> ) |
| ACTIVISION BLIZZARD, INC., <br> BLIZZARD ENTERTAINMENT, INC. and <br> ACTIVISION PUBLISHING, INC., | ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC. AND ACTIVISION PUBLISHING, INC.'S PRELIMINARY NON-INFRINGEMENT CONTENTIONS

Pursuant to the August 6, 2012, Joint Scheduling Statement (D.I. 27) and the Court's August 13, 2012 and November 26, 2012 Orders (D.I. 29 and D.I. 40) modifying the Joint Scheduling Statement, Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc. and Activision Publishing, Inc. (collectively "Activision"), provide the following Preliminary Non-Infringement Contentions. Activision submits that none of the asserted claims are infringed by Activision. Activision further submits that its contentions are preliminary in nature and Activision reserves the right to supplement, amend, and/or modify these contentions.

**I.     THE ASSERTED CLAIMS**

On September 21, 2012, Worlds, Inc. ("Worlds") served Activision with Worlds' Preliminary Disclosure of the Claims Infringed ("Worlds' Infringement Contentions") alleging infringement of the following claims of United States Patents Nos. 7,181,690 ("the '690 patent"),

7,493,558 ("the '558 patent"), 7,945,856 ("the '856 patent"), 8,082,501 ("the '501 patent") (collectively the "patents-in-suit")[1]:

- '690 patent claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20;

- '558 patent claims 1, 2, 3, 4, 5, 6, 7, 8, and 9;

- '856 patent claim 1; and

- '501 patent claims 1, 2, 3, 4, 5, 6, 7 (World of Warcraft only), 8, 10, 12, 14, 15, and 16 (World of Warcraft only).

Worlds has alleged that Activision has infringed, either directly or indirectly, and either literally or under the doctrine of equivalents, the patents-in-suit by Activision's manufacture, sale, offer for sale, and use of their Call of Duty and World of Warcraft products ("the Accused Products") in the United States. To the extent that Worlds seeks to assert infringement of the patents-in-suit against any products other than Activision's Call of Duty and World of Warcraft products, Activision objects to the inclusion of such products in this suit as improper.

Activision's Noninfringement Contentions do not address any claims not asserted in Worlds' Infringement Contentions. To the extent that the Court permits Worlds to supplement, amend, and/or modify its contentions or to assert additional claims against Activision in the future, Activision might seek to supplement, amend, and/or modify its responses to Worlds' contentions.

Furthermore, Activision's contentions are based on what Activision believes to be the correct constructions for the claim terms in each of the asserted claims of the patents-in-suit. To the extent that the Court adopts a construction different than the constructions contemplated

---

[1] Worlds' Infringement Contentions also contain infringement allegations of U.S. Patent No. 8,145,998 ("the '998 patent"). Pursuant to the Court's Order on September 25, 2012 (D.I. 35), Activision will serve preliminary non-infringement and invalidity contentions regarding the '998 patent by December 20, 2012.

by these contentions, Activision might seek to supplement, amend, and/or modify these contentions.

## II. ACTIVISION'S RESPONSE TO WORLDS' INFRINGEMENT CONTENTIONS

Notwithstanding the deficiencies of Worlds' Infringement Contentions raised below and to the extent that Activision understands Worlds' Infringement Contentions, Activision has provided an explanation in Exhibits 1-8 for why it believes that it does not infringe any of the asserted claims. In addition to the arguments set forth in Exhibits 1-8, Activision contends that certain versions of its Call of Duty products do not infringe the asserted claims requiring a "server," "server process," "central server process," and/or "server computer."

### A. CLAIM CONSTRUCTION

As a general matter, Worlds' Infringement Contentions lack sufficient information concerning Worlds' interpretations of the asserted claims to allow Activision to respond adequately. Construction of the claims is a necessary predicate to conducting an infringement analysis. Indeed, to make a pre-filing determination of infringement, Worlds must have construed the asserted claims and compared those claims, on an element-by-element basis, with the Accused Products. After Worlds provides more information about how it construes the asserted patent claims in connection with its infringement claims, either in connection with the claim construction proceedings or otherwise, Activision might seek to supplement, amend, and/or modify these contentions. Notwithstanding the foregoing, Activision believes that it does not infringe the asserted claims of the patents-in-suit.

### B. INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

Worlds states in its contentions that it "knows of no specific limitations of the asserted claims where infringement depends on equivalents." (Worlds' Infringement Contentions, p. 3). Worlds also generally asserts that "if there are any differences between the

3

claim elements in the aforementioned claims and the accused systems or methods, the differences are insubstantial and infringement would exist under the doctrine of equivalents." (*Id.* at p. 4). Worlds does not provide any specificity as to how or why the Accused Products would infringe the asserted claims under the doctrine of equivalents, and accordingly, Activision is unable to respond adequately.

Should Worlds seek to amend its contentions to add any specific allegations of infringement under the doctrine of equivalents, Activision might seek to supplement, amend, and/or modify its contentions. Notwithstanding the foregoing, Activision believes it does not infringe, either literally or under the doctrine of equivalents, any of the asserted claims of the patents-in-suit.

### C. DIRECT AND INDIRECT INFRINGEMENT

Worlds' Infringement Contentions also lack sufficient information concerning Worlds' grounds for alleging direct and indirect infringement to allow Activision to respond adequately. Worlds makes only a general allegation on pages 2-3 of its Infringement Contentions that Activision "directly and indirectly" infringes the claims of the patents-in-suit. Worlds does not provide any specificity beyond these allegations as to why or how Activision "directly" and/or "indirectly" infringes the patents-in-suit. Moreover, Worlds does not specify on a claim-by-claim basis which claims it asserts that Activision infringes under a theory of direct infringement, joint infringement, induced infringement, and/or contributory infringement. Without additional information from Worlds regarding the above issues, Activision is unable to respond adequately.

Notwithstanding the foregoing, Activision believes it does not infringe, either directly or indirectly, any of the asserted claims of the patents-in-suit. Should Worlds seek to

amend its contentions regarding its theories of direct and indirect infringement, Activision might seek to supplement, amend, and/or modify its contentions.

## III. DOCUMENT PRODUCTION

Concurrently with these contentions and pursuant to the Joint Scheduling Statement ¶ 4.B (D.I. 27), Activision is making available for inspection source code relating to the accused products that is sufficient to show the operation of the accused product(s) or method(s) that Worlds identified in its preliminary infringement disclosure. The source code is available for inspection at the following locations in accordance with the terms of the Stipulated Protective Order (D.I. 39):

> Source Code relating to World of Warcraft:
> Blizzard Entertainment
> 16215 Alton Parkway
> Irvine, CA 92618
> United States of America
>
> Source Code relating to Call of Duty:
> Activision Blizzard, Inc.
> 3100 Ocean Park Blvd.
> Santa Monica, California 90405

## IV. ONGOING DISCOVERY AND DISCLOSURES

Discovery in this action is at a very early stage, and Activision's investigation is ongoing. Activision might seek to supplement, amend, and/or modify the positions taken and information disclosed in these charts including, without limitation, the grounds of non-infringement set forth herein, to take into account information or defenses that may come to light as a result of these continuing efforts.

Respectfully Submitted,

Dated: December 3, 2012   By: *Blake B. Greene*
        Blake B. Greene (BBO #681781)
        ROPES & GRAY LLP
        Prudential Tower
        800 Boylston Street
        Boston, MA 02199-3600
        T: (617) 951-7000
        F: (617) 951-7050

        Jesse J. Jenner (*pro hac vice*)
        Gene W. Lee (*pro hac vice*)
        Christopher J. Harnett (*pro hac vice*)
        David S. Chun (*pro hac vice*)
        Brian P. Biddinger (*pro hac vice*)
        ROPES & GRAY LLP
        1211 Avenue of the Americas
        New York, New York 10036-8704
        T: (212) 596-9000
        F: (212) 596-9050

        Matthew R. Clements (*pro hac vice*)
        ROPES & GRAY LLP
        1900 University Avenue
        6th Floor
        East Palo Alto, CA 94303

        ATTORNEYS FOR DEFENDANTS,
        ACTIVISION BLIZZARD, INC.,
        BLIZZARD ENTERTAINMENT, INC.
        AND ACTIVISION PUBLISHING, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I caused a copy of Activision's Preliminary Non-Infringement Contentions and Exhibits 1-8 to be served via electronic mail on all counsel of record for Plaintiff Worlds, Inc.

/s/ *Kathryn N. Hong*
Kathryn N. Hong