## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WORLDS, INC.,<br><br>             Plaintiff,<br><br>        v.<br><br>ACTIVISION BLIZZARD, INC.,<br>BLIZZARD ENTERTAINMENT, INC. and<br>ACTIVISION PUBLISHING, INC.,<br><br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:12-CV-10576 (DJC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION TO AMEND THE SCHEDULING ORDER

Plaintiff Worlds, Inc. ("Worlds") and Defendants Activision Blizzard, Inc., Blizzard

Entertainment, Inc. and Activision Publishing, Inc. (collectively "Activision") respectfully and

jointly move this Court to amend the Scheduling Order (D.I. 29) to extend the following claim

construction deadlines as indicated below:

| Event | Parties' Proposed Date |
|---|---|
| Parties to simultaneously exchange and file preliminary claim construction briefs. Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of court, preliminary claim construction briefs shall be limited to 25 pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes | April 22, 2013 |
| Parties to simultaneously exchange and file reply briefs regarding claim construction of not more than 15 pages. Absent leave of court, reply briefs shall be limited to 15 pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes | May 6, 2013 |

| Event | Parties' Proposed Date |
|---|---|
| The parties shall finalize the list of disputed terms for the court to construe and file a joint claim construction and prehearing statement (hereinafter "joint claim construction statement") that identifies both agreed and disputed terms.<br><br>(a) The joint claim construction statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.<br><br>(b) The joint claim construction statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing.  If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials 10 days before the Markman hearing.  In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.<br><br>(c) The joint claim construction statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party.<br><br>(d) The joint claim construction statement shall limit the number of claim terms to be construed and shall prioritize the disputed terms in order of importance.  The Court suggests that, ordinarily, no more than ten (10) terms per patent be identified as requiring construction.<br><br>(e) The joint claim construction statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence. | May 17, 2013 |

The additional time is needed to accommodate the parties' schedules.  This Motion does not seek

to alter the schedule in this action in any respects other than the deadlines listed above and, in

particular, does not seek to change the *Markman* Hearing date of June 27, 2013.


Dated: March 27, 2013                              Respectfully submitted,

By: /s/   *Ryan Caughey*                            By: /s/ *Kathryn N. Hong*

Joel R. Leeman, BBO #292070                  Jesse J. Jenner (admitted *pro hac vice*)
Jack C. Schecter, BBO #652349                *jesse.jenner@ropesgray.com*
SUNSTEIN KANN MURPHY                     Gene W. Lee (admitted *pro hac vice*)
     & TIMBERS LLP                               *gene.lee@ropesgray.com*
125 Summer Street                               David S. Chun (admitted *pro hac vice*)
Boston, MA 02110-1618                          *david.chun@ropesgray.com*
Tel: 617-443-9292                               Brian P. Biddinger (admitted *pro hac vice*)
*jleeman@sunsteinlaw.com*                      *brian.biddinger@ropesgray.com*
*jschecter@sunsteinlaw.com*                     Kathryn N. Hong (admitted *pro hac vice*)
                                               *kathryn.hong@ropesgray.com*
*Pro hac vice*                                  ROPES & GRAY LLP
Max L. Tribble                                  1211 Avenue of the Americas
Brian D. Melton                                 New York, New York 10036-8704
Joseph S. Grinstein                             (212) 596-9000
Sandeep Seth
Ryan Caughey                                    Blake B. Greene (BBO #681781)
SUSMAN GODFREY L.L.P.                        ROPES & GRAY LLP
1000 Louisiana, Suite 5100                      Prudential Tower
Houston, TX 77002-5096                          800 Boylston Street
(713) 651-9366                                  Boston, Massachusetts 02199-3600
*mtribble@susmangodfrey.com*                   (617) 951-7000
*bmelton@susmangodfrey.com*                    *blake.greene@ropesgray.com*
*jgrinstein@susmangodfrey.com*
*sseth@susmangodfrey.com*                      Attorneys for Defendants Activision Blizzard,
*rcaughey@susmangodfrey.com*                   Inc., Blizzard Entertainment, Inc., and
                                               Activision Publishing, Inc.

Attorneys for Plaintiff Worlds, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

this 27th day of March, 2013.


By:  /s/  *Kathryn N. Hong*
                Kathryn N. Hong