**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WORLDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12-cv-10576-DJC |
| ) | |
| ACTIVISION BLIZZARD, INC., ) | JURY TRIAL DEMANDED |
| BLIZZARD ENTERTAINMENT, INC. and ) | |
| ACTIVISION PUBLISHING, INC., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC. AND
ACTIVISION PUBLISHING, INC.'S
FOURTH SUPPLEMENTAL PRELIMINARY NON-INFRINGEMENT CONTENTIONS**

Pursuant to the August 6, 2012, Joint Scheduling Statement (D.I. 27) and the Court's August 13, 2012, September 25, 2012, and November 26, 2012 Orders (D.I. 29, D.I. 35, and D.I. 40, respectively) modifying the Joint Scheduling Statement, Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc. and Activision Publishing, Inc. (collectively "Activision"), provide the following Fourth Supplemental Preliminary Non-Infringement Contentions. Activision submits that none of the asserted claims are infringed by Activision. Activision notes that the parties are currently engaged in discovery, these contentions are preliminary in nature, and the Court's order concerning the Joint Scheduling Statement provides for the possibility of further amending and supplementing these Noninfringement Contentions. Accordingly, Activision might further supplement, amend, and/or modify these contentions as this action proceeds.

1

## I.  THE ASSERTED CLAIMS

Worlds, Inc. ("Worlds") alleges that Activision's accused products infringe the following claims of United States Patents Nos. 7,181,690 ("the '690 patent"), 7,493,558 ("the '558 patent"), 7,945,856 ("the '856 patent"), 8,082,501 ("the '501 patent"), and 8,145,998 ("the '998 patent") (collectively the "patents-in-suit"):

- '690 patent claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20;
- '558 patent claims 4, 5, 6, 7, 8, and 9;
- '856 patent claim 1;
- '501 patent claims 1, 2, 3, 4, 5, 6, 7 (World of Warcraft only), 8, 10, 12, 14, 15, and 16 (World of Warcraft only); and
- '998 patent claims 1, 2, 3, 7, 8, 11, 12, 13, 14, 15, 16, 17 (World of Warcraft only), 18, 19, and 20.[1]

Activision's Fourth Supplemental Preliminary Non-Infringement Contentions do not address any claims not asserted in Worlds' Infringement Contentions. To the extent that the Court permits Worlds to supplement, amend, and/or modify its contentions or to assert additional claims against Activision in the future, Activision might seek to supplement, amend, and/or modify its responses to Worlds' contentions.

Furthermore, Activision's contentions are based on what Activision believes to be the correct constructions for the claim terms in each of the asserted claims of the patents-in-suit. To the extent that the Court adopts a construction different than the constructions contemplated

---

[1]  Worlds' Infringement Contentions originally alleged that Activision's accused products also infringed '558 patent claims 1-3 and '998 patent claim 21. D.I. 34 at 3-4, D.I. 58 at 3-4. On April 17, 2013, counsel for Worlds notified counsel for Activision that Worlds was no longer asserting infringement of these claims against Activision. And on May 24, 2013, Worlds dropped these claims against Activision in its Second Supplemental Infringement Contentions. D.I. 77 at 3-4.

by these contentions, Activision might seek to supplement, amend, and/or modify these contentions.

## II. THE ACCUSED PRODUCTS

Worlds has alleged that Activision has infringed, either directly or indirectly, and either literally or under the doctrine of equivalents, the patents-in-suit by Activision's manufacture, sale, offer for sale, and use of their Call of Duty and World of Warcraft products ("the Accused Products") in the United States. Activision's Call of Duty and World of Warcraft products include numerous titles, versions, and other variations of the games across many different platforms. Worlds alleges infringement of "all titles (and all versions thereof), across all platforms (e.g., PC, Playstation 3, Xbox 360)" for the Call of Duty and World of Warcraft products. However, Worlds' Infringement Contentions do not provide charts for each title, version, and/or variation of the Call of Duty products. To the extent that Worlds asserts infringement against all titles and versions across all platforms of the Call of Duty accused products, Worlds is required to set forth its infringement theories regarding each title, version, and/or variation for each platform on a product-by-product basis. Accordingly, Activision is unable to respond to Worlds' infringement allegations against the Accused Products for which Worlds has not provided any bases (including citations to source code and/or other material) to support an assertion of infringement. Notwithstanding the foregoing, Activision submits that none of the asserted claims are infringed by any title, version, or variation of the Accused Products for any platform. Should Worlds supplement its Infringement Contentions to provide charts with citations to source code and/or other material for additional titles, versions, or variations of the Accused Products, Activision might supplement, amend, and/or modify these contentions.

In addition, to the extent that Worlds seeks to assert infringement of the patents-in-suit against any products other than Activision's Call of Duty and World of Warcraft products, Activision objects to the inclusion of such products in this suit as improper.

### III. ACTIVISION'S RESPONSE TO WORLDS' INFRINGEMENT CONTENTIONS

Notwithstanding the deficiencies of Worlds' Infringement Contentions raised herein and to the extent that Activision understands Worlds' Infringement Contentions, Activision has provided an explanation in its Third Supplemental Exhibits 1, 3, 5, 7, and 9 for why it believes that World of Warcraft does not infringe any of the asserted claims and an explanation in its Third Supplemental Exhibits 2, 4, 6, 8, and 10 for why it believes that the Call of Duty products referenced in Worlds' Infringement Contention charts do not infringe any of the asserted claims.

In addition, Worlds' Second Supplemental Infringement Contentions (Exs. B, D, F, H, and J) appear to be directed to what Worlds has labeled as Call of Duty "versions 1-11." These charts improperly assert that "[b]ased on Activision's representations, Worlds understands that, taken as a whole, the CoD source code tendered by Activision is representative of all accused products." Activision has never made any such representations. Moreover, Worlds asserts that "[t]he statements [in Exs. B, D, F, H, and J] apply to all versions of CoD that have been tendered by Activision (versions 1-11)" and that "unless otherwise specified, all versions function materially the same for purposes of satisfying the claim limitations" without providing any bases for these assertions. And for certain limitations, Worlds asserts that each group of "Call of Duty 1-6/7/9" and "Call of Duty 8/10/11" operates in a similar manner and does not provide any basis for this assertion as well. To the extent that Worlds is asserting infringement against all Call of Duty products, Worlds is required to provide its bases for asserting infringement against each individual product. Accordingly, Activision understands Worlds'

Second Supplemental Infringement Contentions to concern only the accused products that Worlds actually provides citations to source code or other supporting evidence for.

In addition, Activision contends that its Call of Duty products do not infringe the asserted claims requiring a "server," "server process," "central server process," and/or "server computer."

In addition, the following Call of Duty products do not infringe the asserted claims because these products do not have multiplayer functionality over a network:

| Call of Duty | Platform |
| --- | --- |
| Call of Duty: Finest Hour | Gamecube |
| Call of Duty 2: Big Red One | Gamecube |
| Call of Duty 3 | Wii |
| Call of Duty: World at War: Final Fronts | Playstation 2 |

In addition, the following Call of Duty products do not infringe the asserted claims because these products utilize a peer-to-peer system in which each client broadcasts information to all other clients:

| Call of Duty | Platform |
| --- | --- |
| Call of Duty 2: Big Red One | Playstation 2 |
|  | Xbox |
| Call of Duty 3 | Playstation 2 |
|  | Playstation 3 |
|  | Xbox |

A.   **INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

Worlds states in its contentions that it "knows of no specific limitations of the asserted claims where infringement depends on equivalents." (Worlds' First Supplemental Disclosure of the Claims Infringed, p. 4). Worlds also generally asserts that "if there are any

5

differences between the claim elements in the aforementioned claims and the accused systems or methods, the differences are insubstantial and infringement would exist under the doctrine of equivalents." (*Id.*).  Worlds does not provide any specificity as to how or why the Accused Products would infringe the asserted claims under the doctrine of equivalents.

Should Worlds amend its contentions to add any specific allegations of infringement under the doctrine of equivalents, Activision might supplement, amend, and/or modify its contentions.  Notwithstanding the foregoing, Activision believes it does not infringe, either literally or under the doctrine of equivalents, any of the asserted claims of the patents-in-suit.

### B.   DIRECT AND INDIRECT INFRINGEMENT

Worlds' Infringement Contentions also lack sufficient information concerning Worlds' grounds for alleging direct and indirect infringement.  Worlds makes only a general allegation in its Infringement Contentions that Activision "directly and indirectly" infringes the claims of the patents-in-suit.  Worlds does not provide any specificity beyond these allegations as to why or how Activision "directly" and/or "indirectly" infringes the patents-in-suit.  Moreover, Worlds does not specify on a claim-by-claim basis which claims it asserts that Activision infringes under a theory of direct infringement, joint infringement, induced infringement, and/or contributory infringement.

Notwithstanding the foregoing, Activision believes it does not infringe, either directly or indirectly, any of the asserted claims of the patents-in-suit.  Should Worlds amend its contentions regarding its theories of direct and indirect infringement, Activision might supplement, amend, and/or modify its contentions.

## IV.     DOCUMENT PRODUCTION

Pursuant to the Joint Scheduling Statement ¶ 4.B (D.I. 27), as of December 3, 2012, Activision has made and will continue to make available for inspection source code relating to the Accused Products that is sufficient to show the operation of the accused product(s) or method(s) that Worlds identified in its preliminary infringement disclosure. The source code is available for inspection at the following locations in accordance with the terms of the Stipulated Protective Order (D.I. 39):

> Source Code relating to World of Warcraft:
> Blizzard Entertainment, Inc.
> 16215 Alton Parkway
> Irvine, California 92618

> Source Code relating to Call of Duty:
> Activision Blizzard, Inc.
> 3100 Ocean Park Blvd.
> Santa Monica, California 90405

## V.     ONGOING DISCOVERY AND DISCLOSURES

The parties are currently engaged in discovery and Activision's investigation is ongoing. Activision might seek to supplement, amend, and/or modify the positions taken and information disclosed in these charts including, without limitation, the grounds of non-infringement set forth herein, to take into account information or defenses that may come to light as a result of these continuing efforts.

Respectfully Submitted,

Dated: June 21, 2013    By: *Kathryn N. Hong*
                            Jesse J. Jenner (*pro hac vice*)
                            Gene W. Lee (*pro hac vice*)
                            Brian P. Biddinger (*pro hac vice*)
                            Kathryn N. Hong (*pro hac vice*)
                            ROPES & GRAY LLP
                            1211 Avenue of the Americas
                            New York, New York 10036-8704
                            T: (212) 596-9000
                            F: (212) 596-9050

                            Blake B. Greene (BBO #681781)
                            ROPES & GRAY LLP
                            Prudential Tower
                            800 Boylston Street
                            Boston, MA 02199-3600
                            T: (617) 951-7000
                            F: (617) 951-7050

                            ATTORNEYS FOR DEFENDANTS,
                            ACTIVISION BLIZZARD, INC.,
                            BLIZZARD ENTERTAINMENT, INC.
                            AND ACTIVISION PUBLISHING, INC.

**CERTIFICATE OF SERVICE**

   I hereby certify that this document and all attachments filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those non-registered participants (if any) on June 21, 2013.

                /s/ *Kathryn N. Hong*
                  Kathryn N. Hong