**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WORLDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12-CV-10576 (DJC) |
| ) | |
| ACTIVISION BLIZZARD, INC., ) | |
| BLIZZARD ENTERTAINMENT, INC. and ) | |
| ACTIVISION PUBLISHING, INC., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO CONTINUE THE *MARKMAN* HEARING**

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF RELEVANT FACTS ........................................................................ 2

III. ARGUMENT ................................................................................................................... 3

    A.    Claim Construction Will Not Affect The Court's Ability To Decide Activision's Summary Judgment Motion .................................................................................... 3

    B.    Continuing The *Markman* Hearing Pending The Court's Summary Judgment Decision May Avoid Significant Costs To The Court And The Parties ................... 4

    C.    A Continuation Of The *Markman* Hearing Would Not Prejudice Worlds .............. 5

IV. CONCLUSION ................................................................................................................ 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006) ........................................................................................................ 6

I.      **INTRODUCTION**

Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., and Activision Publishing, Inc. (collectively "Activision") submit this Memorandum in support of their motion to continue the *Markman* hearing pending the Court's decision on Activision's Motion for Summary Judgment of Invalidity (D.I. 83) ("Summary Judgment Motion").

Activision's pending motion requests summary judgment that the plaintiff's, Worlds, Inc.'s ("Worlds"), patents-in-suit are invalid in view of Worlds' own prior art systems. Briefing is complete, and the Summary Judgment Motion awaits the Court's decision. Activision's Summary Judgment Motion rests purely on questions of law that are unrelated to claim construction. The *Markman* hearing, therefore, has no bearing on whether summary judgment of invalidity is appropriate. Additionally, if granted, Activision's Summary Judgment Motion will dispose of this entire action. Thus, continuing the *Markman* hearing, which is currently scheduled to take place during August 22-23, 2013, has the potential to save valuable time and resources of the Court and the parties. Moreover, the continuation will spare Activision the considerable expense of defending itself against patents that are invalid as a matter of law.

A continuation of the *Markman* hearing would not prejudice Worlds. Activision expects that the continuation would last only a short period of time, and discovery could progress in the meantime. Moreover, because Worlds is a non-practicing entity, Worlds should not be able to obtain injunctive relief if successful in this action, and any remedy should be monetary. Worlds therefore could seek monetary relief to compensate it for any minimal delay resulting from the continuation.

For the reasons discussed herein, Activision respectfully requests that the Court continue the *Markman* hearing pending the Court's decision on Activision's Summary Judgment Motion.

## II.     STATEMENT OF RELEVANT FACTS

On March 30, 2012, Worlds filed this action against Activision for alleged infringement of U.S. Patents Nos. 7,181,690; 7,493,558; 7,945,856; and 8,082,501.  D.I. 1 at 4-10.  On September 21, 2012, Worlds amended its Complaint to add a claim of infringement of U.S. Patent No. 8,145,998, which issued on March 27, 2012.  D.I. 32 at 10-11.

The *Markman* hearing was originally scheduled for June 27, 2013.  D.I. 29.  In light of the trial of *United States v. James Bulger*, the Court rescheduled the hearing for August 22-23, 2013.  D.I. 81.  As of the filing of this Memorandum, the *Bulger* trial is ongoing before the Court.  Over the course of the two-day *Markman* hearing in this case, the parties will provide a separate tutorial on the relevant technology and will present their arguments for each of the 11 disputed claim terms to be construed by the Court.  D.I. 71 at 2.  The parties anticipate needing a total of 4 hours and 30 minutes for the *Markman* hearing.  *Id.* at 1.

On June 18, 2013, Activision filed a motion for summary judgment that all of the asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 102(b) based on the public use of Worlds' prior art systems called *Worlds Chat* and *AlphaWorld*.  D.I. 83.  In its opposition brief, Worlds concedes that Activision's Summary Judgment Motion is not premised on any genuine issue of material fact and is "based on a purely legal argument."  D.I. 89 at 3, n.2.  Particularly, Worlds does not dispute that *Worlds Chat* and *AlphaWorld* practiced all of the asserted claims more than one year prior to the November 12, 1996 filing date of the application for U.S. Patent No. 6,219,045, which is an ancestor of the patents-in-suit.  *See id.* at 3.  The Court has not yet scheduled a hearing date for the summary judgment motion.  Discovery is ongoing.

### III.  ARGUMENT

Continuation of a proceeding may be granted upon a showing of "good cause."  L.R. 40.3(a).  In this case, there is ample good cause to continue the *Markman* hearing pending the Court's decision on Activision's Summary Judgment Motion because (1) the Court's summary judgment ruling does not depend on claim construction; (2) the *Markman* hearing as currently scheduled threatens to impose unnecessary burdens and costs on the Court and the parties; and (3) a minimal continuation would not prejudice Worlds.

#### A.  Claim Construction Will Not Affect The Court's Ability To Decide Activision's Summary Judgment Motion

All of the information that the Court needs to decide whether or not to grant Activision's Summary Judgment Motion is contained within the parties' briefs and supporting materials.  Worlds concedes that there are no genuine issues as to any material facts concerning Worlds' prior public use of *Worlds Chat* and *AlphaWorld*.  As stated by Worlds:

> Worlds does not dispute the facts set forth in Defendants' Statement of Undisputed Material Facts.  (*See* Dkt. No. 85.)  Defendants' motion, however, is based on a purely legal argument that does not turn on disputed facts.  So for purposes of Defendants' motion, the parties do not disagree as to any material facts; the parties disagree only as to how the law applies to those facts.

D.I. 89 at 3, n.2.

Importantly, the questions of law before the Court in Activision's Summary Judgment Motion are unrelated to claim construction.  As a general matter, claim construction aids in the determination of whether or not prior art practiced the asserted claims, thereby invalidating them.  However, for purposes of Activision's Summary Judgment Motion, there is no dispute that *Worlds Chat* and *AlphaWorld* practiced all of the asserted claims during the relevant 1995 time period.  *See id.* at 3.  The Court's construction of the disputed claim terms in this case therefore

3

has no impact on its decision on Activision's Summary Judgment Motion. Accordingly, the *Markman* hearing is unnecessary to the Court's summary judgment ruling.

### B. Continuing The *Markman* Hearing Pending The Court's Summary Judgment Decision May Avoid Significant Costs To The Court And The Parties

Activision submits that its Summary Judgment Motion should be granted as a matter of law. If so, summary judgment of invalidity will dispose of the entire case. Accordingly, Activision believes that there is a considerable risk that the Court and the parties will waste significant time and resources were the Court to hold the *Markman* hearing prior to its decision on Activision's Summary Judgment Motion.

A *Markman* hearing is one of the most critical events in patent litigation because of the substantial impact that claim construction has on issues such as infringement and validity[1]. The *Markman* hearing therefore requires the parties and the Court to devote significant time and resources to prepare for it. The present action is no exception. Additionally, the costs of the *Markman* hearing itself are substantial. Here, the parties require two days of the Court's limited time to educate the Court on the relevant technology and to argue each of 11 disputed terms that appear in 55 asserted patent claims from five asserted patents. *See* D.I. 77 at 3-4. If the Court proceeds with the *Markman* hearing as currently scheduled and subsequently grants Activision's Summary Judgment Motion, all of these substantial efforts and costs will be for naught.

Additionally, as demonstrated by Activision's Summary Judgment Motion and supporting materials, the asserted patent claims are invalid based on Worlds' own prior art systems. It is therefore unduly burdensome for Activision to continue paying exorbitant litigation costs to defend itself against invalid patents. Continuing the *Markman* hearing pending

---

[1] As discussed above in Section III. A, claim construction in this case will not affect the Court's summary judgment decision on whether or not *Worlds Chat* and *AlphaWorld* invalidate the asserted claims under 35 U.S.C. § 102(b).

4

the Court's summary judgment decision will help Activision avoid some of those unnecessary costs.

### C. A Continuation Of The *Markman* Hearing Would Not Prejudice Worlds

Worlds would not suffer any prejudice from a continuation of the *Markman* hearing pending the Court's decision on Activision's Summary Judgment Motion.  In the event that this case is not disposed on summary judgment, the continuation would not unnecessarily delay the litigation.  The parties have completed briefing Activision's Summary Judgment Motion.  The continuation sought by Activision would last only for the time necessary for the Court to hold a hearing, if any, and the Court's decision on the Summary Judgment Motion.  Furthermore, discovery would continue while the parties await the Court's summary judgment decision.

If the Court denies Activision's Summary Judgment Motion, Worlds would still have its day in court to prove Activision's alleged infringement.  And there is no indication that the continuation would affect the trial date because no trial date has been set, and this action has been scheduled only through the *Markman* hearing.  *See* D.I. 29.

Even assuming that the continuation affects the case schedule, however minimal that may be, Worlds is a non-practicing entity and therefore should not be heard to complain about any asserted prejudice resulting from the continuation.  Worlds admitted its non-practicing entity status in its 2012 SEC filings:

> On May 16, 2011, the Company transferred, through a spin-off to its then wholly owned subsidiary, Worlds Online Inc., the majority of its operations and related operational assets.  The Company retained its patent portfolio which it intends to continue to increase and to more aggressively enforce against alleged infringers.  The Company also entered into a License Agreement with Worlds Online Inc. to sublicense its patented technologies.
> . . .
> Worlds, Inc. will be focused solely on expanding our patent portfolio and to enforce our rights where it believes parties are infringing on its IP portfolio.
> . . .

> Since all operations were transferred to Worlds Online and our business is now the expansion of our patented technology, the Company does not have any direct competition as it did in the past.

D.I. 93-20 at WORLDS086386, 388; *see also id.* at WORLDS086393-394. As a non-practicing entity and non-competitor of Activision, Worlds should not be entitled to injunctive relief if successful in proving Activision's liability at trial. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Rather, Worlds should be limited to monetary relief. Therefore, Worlds could be compensated for any minimal delay in the proceedings caused by the continuation of the *Markman* hearing.

Moreover, were Worlds concerned about any delay in seeking relief for Activision's alleged infringement, it would have moved for a preliminary injunction at the onset of this case. Tellingly, Worlds made no such motion.

## IV. CONCLUSION

For the foregoing reasons, Activision respectfully requests that the Court continue the *Markman* hearing until the Court issues its decision on Activision's Summary Judgment Motion.

Respectfully submitted,

Dated: July 31, 2013        By: */s/ Blake B. Greene*
                                Blake B. Greene (BBO #681781)
                                ROPES & GRAY LLP
                                Prudential Tower
                                800 Boylston Street
                                Boston, Massachusetts  02199-3600
                                (617) 951-7000
                                *blake.greene@ropesgray.com*

Jesse J. Jenner (*pro hac vice*)
*jesse.jenner@ropesgray.com*
Gene W. Lee (*pro hac vice*)
*gene.lee@ropesgray.com*
Brian P. Biddinger (*pro hac vice*)
*brian.biddinger@ropesgray.com*
Kathryn N. Hong (*pro hac vice*)
*kathryn.hong@ropesgray.com*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
T: (212) 596-9000
F: (212) 596-9050

ATTORNEYS FOR DEFENDANTS,
ACTIVISION BLIZZARD, INC.,
BLIZZARD ENTERTAINMENT, INC.
AND ACTIVISION PUBLISHING,
INC.