THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORLDS, INC., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ACTIVISION BLIZZARD, INC., et al. )<br>      Defendants. )<br>) | Civil Action No. 1:12-CV-10576 (DJC) |

**DECLARATION OF MATTHEW J. MOFFA IN SUPPORT OF
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

I, Matthew J. Moffa, hereby declare:

1.  I am an associate with the law firm of Ropes & Gray LLP, counsel for Activision Blizzard, Inc., Blizzard Entertainment, Inc. and Activision Publishing, Inc. (collectively "Defendants") in this action. I have personal knowledge of the following facts and if called upon to do so, could and would competently testify as to the matters set forth herein.

2.  I submit this Declaration in support of Defendants' Notice of Supplemental Authority in Support of their Motion for Summary Judgment of Invalidity.

3.  Attached as Exhibit 1 is a true and correct copy of the Federal Circuit's opinion in *Medtronic Corevalve, LLC v. Edwards Lifesciences Corp.*, ---F.3d----, 2014 WL 229081 (Fed. Cir. Jan. 22, 2014), with relevant portions highlighted.

4.  Attached as Exhibit 2 is a true and correct copy of excerpted pages from Medtronic's Brief in Opposition to Edwards' Motion for Summary Judgment on Priority and Invalidity (D.I. 140) in *Medtronic Corevalve LLC v. Edwards Lifesciences Corp.*, 8:11-cv-961 (C.D. Cal.), with relevant portions highlighted.

5. Attached as Exhibit 3 is a true and correct copy of excerpted pages from Plaintiff-Appellant's Principal Brief (D.I. 35) in *Medtronic Corevalve, LLC v. Edwards Lifesciences Corp.*, 2013-1117 (Fed. Cir.), with relevant portions highlighted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 24, 2014

<div style="text-align:right">/s/ Matthew J. Moffa<br>Matthew J. Moffa</div>

Ex. 1

--- F.3d ----, 2014 WL 229081 (C.A.Fed. (Cal.))
**(Cite as: 2014 WL 229081 (C.A.Fed. (Cal.)))**

Only the Westlaw citation is currently available.

United States Court of Appeals,
Federal Circuit.
MEDTRONIC COREVALVE, LLC, Medtronic CV Luxembourg S.A.R.L., and Medtronic Vascular Galway, Ltd., Plaintiffs–Appellants,
v.
EDWARDS LIFESCIENCES CORPORATION, Edwards Lifesciences LLC, and Edwards Lifesciences (U.S.), Inc., Defendants–Appellees.

No. 2013–1117.
Jan. 22, 2014.

**Background:** Assignee of patent for prosthetic valve for transluminal delivery brought infringement action. The United States District Court for the Central District of California, James V. Selna, J., granted summary judgment of invalidity, and assignee appealed.

**Holding:** The Court of Appeals, Prost, Circuit Judge, held that patent was not entitled to claim priority date of international application.

Affirmed.

West Headnotes

**[1] Patents 291 314(5)**

291 Patents
    291XII Infringement
        291XII(B) Actions
           291k314 Hearing
                291k314(5) k. Questions of Law or Fact. Most Cited Cases

Determination of a patent's priority date is purely a question of law if the facts underlying that determination are undisputed.

**[2] Patents 291 110**

291 Patents
    291IV Applications and Proceedings Thereon
        291k110 k. Renewal of Application. Most Cited Cases

Use of phrase "this application" in application for patent for prosthetic valve for transluminal delivery meant the present application, rather than prior application, and thus patent was not entitled to claim priority date of prior international application, since intermediate applications failed to specifically reference earlier filed applications in priority chain. 35 U.S.C.A. § 120.

**[3] Patents 291 110**

291 Patents
    291IV Applications and Proceedings Thereon
        291k110 k. Renewal of Application. Most Cited Cases

The patentee is the person best suited to understand the genealogy and relationship of her applications; a requirement for her to clearly disclose this information should present no hardship. 35 U.S.C.A. § 120.

**Patents 291 328(2)**

291 Patents
    291XIII Decisions on the Validity, Construction, and Infringement of Particular Patents
        291k328 Patents Enumerated
            291k328(2) k. Original Utility. Most Cited Cases

7,892,281. Invalid.

Appeal from the United States District Court for the Central District of California in No. 11–CV–0961, Judge James V. Selna.Martin R. Lueck, Robins, Kaplan, Miller & Ciresi L.L.P., of Minneapolis, MN, argued for plaintiff-sappellants. With him on the brief was Stacie E. Oberts.

Nicholas Groombridge, Paul, Weiss, Rifkind, Wharton

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2014 WL 229081 (C.A.Fed. (Cal.))
**(Cite as: 2014 WL 229081 (C.A.Fed. (Cal.)))**

& Garrison LLP, of New York, NY, argued for defendants-appellees. With him on the brief were Catherine Nyarady, Kripa Raman, Brian P. Egan, Jenny C. Wu, and Christopher Terranova.

Before PROST, PLAGER, and TARANTO, Circuit Judges.

PROST, Circuit Judge.

**\*1** Medtronic CoreValve, LLC, the assignee of U.S. Patent No. 7,892,281 ("'281 patent"), appeals from the judgment of the United States District Court for the Central District of California granting summary judgment to Edwards Lifesciences Corp., Edwards Lifesciences LLC, and Edwards Lifesciences (U.S.) Inc. (collectively, "Edwards") of invalidity of certain claims of the '281 patent. The judgment rests on the district court's grant of partial summary judgment that the '281 patent is limited to a priority date of no earlier than April 10, 2003. *Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.,* No. 11–CV961 (C.D.Cal. Nov. 13, 2012) (Minute Order) ("*SJ Order*"). For the reasons set forth below, we affirm.

Medtronic CoreValve, LLC, Medtronic CV Luxembourg S.a.r.l., and Medtronic Vascular Galway Ltd. (collectively, "Medtronic") sued Edwards for infringement of claims 3, 4, 7, 12, 14, and 15 of the '281 patent ("Asserted Claims"). The '281 patent, entitled "Prosthetic Valve for Transluminal Delivery," issued on February 22, 2011. Filed on January 5, 2009, the '281 patent descends from a number of United States, international, and French patent applications. On its face, the '281 patent claims priority to French Application No. 99/14462 ("French Application 1a"),[FN1] filed on November 17, 1999. '281 patent, cover page, item 30 & col. 1 ll. 19–20, 37–39. However, because French Application 1a is not relevant to the claims asserted against Edwards, the pertinent priority chain[FN2] for the Asserted Claims has its genesis in French Application No. 00/14028 ("French Application 1b"), filed on October 31, 2000. From there, the chain of priority proceeds as follows, ending with U.S. Patent Application Serial No. 12/348,892 ("U.S. Application 10"), filed on January 5, 2009, which matured into the '281 patent:

## BACKGROUND

| Application | Serial Number | Filing date |
|---|---|---|
| French Application 1b | French Application No. FR 00/14028 | Oct. 31, 2000 |
| International Application 2b | International Application No. PCT/FR 01/03258 | Oct. 19, 2001 |
| U.S. Application 4 | U.S. Patent Application Serial No. 10/412,634 | Apr. 10, 2003 |
| U.S. Application 6 | U.S. Patent Application Serial No. 11/352,614 | Feb. 13, 2006 |
| U.S. Application 8 | U.S. Patent Application Serial No. 12/029,031 | Feb. 11, 2008 |
| U.S. Application 10 | U.S. Patent Application Serial No. 12/348,892 | Jan. 5, 2009 |

Over the course of litigation, Edwards became aware that the '281 patent's priority chain suffered from several defects for failure to comply with the requirements of 35 U.S.C. §§ 119 and 120. Edwards moved for partial summary judgment that these defects limited the priority date of the Asserted Claims to no earlier than April 10, 2003, the date on which U.S. Patent Application Serial No. 10/412,634 ("U.S. Application 4") was filed. Based on the April 10, 2003

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

priority date, Edwards also moved to invalidate the Asserted Claims on summary judgment under 35 U.S.C. § 102 with earlier filed French Application 1b and International Application (Patent Cooperation Treaty) No. PCT/FR 01/03258 ("International Application 2b").

**\*2** Medtronic filed a cross-motion for summary judgment on the priority date issue, contending that the priority chain of the '281 patent suffered from no defects and that the Asserted Claims are entitled to a priority date of October 31, 2000, the filing date of French Application 1b. Medtronic did not directly oppose Edwards's invalidity motion on the merits, i.e., contest any facts regarding the scope of the alleged invalidating prior art relative to the Asserted Claims. Instead, Medtronic doubled down on its priority date position because a finding that the '281 patent is entitled to an October 31, 2000 priority date would defeat Edwards's invalidity challenge.

The district court granted Edwards's motion and denied Medtronic's cross-motion. With respect to priority, the court found that the '281 patent is not entitled to a priority date earlier than April 10, 2003 because it was neither in compliance with 35 U.S.C. § 119 to claim the benefit of the October 31, 2000 filing date of French Application 1b, nor in compliance with 35 U.S.C. § 120 to claim the benefit of the October 19, 2001 filing date of International Application 2b. *SJ Order,* at 4–8. The district court interpreted § 119, which governs priority claims based on an earlier filed foreign patent application, to require, inter alia, that "all intermediate applications in a priority chain contain a specific reference to the earlier-filed foreign application" from which priority is claimed. *Id.* at 7. In Medtronic's case, not every intervening application in the priority chain—that is, U.S. Application 4, U.S. Patent Application Serial No. 11/352,614 ("U.S. Application 6"), and U.S. Patent Application Serial No. 12/029,031 ("U.S. Application 8")—claimed priority to French Application 1b. Thus, finding the priority record of the '281 patent to be incomplete, the district court disallowed the '281 patent from securing the benefit of the filing date of French Application 1b under § 119. *Id.* at 6–7.

For similar reasons, the district court also found that the defects in the '281 patent's priority chain rendered it unable to claim priority to International Application 2b under § 120. Citing *Encyclopaedia Britannica, Inc. v. Alpine Electronics of America, Inc.,* 609 F.3d 1345 (Fed.Cir.2010), the district court noted that under § 120, a later filed application may claim priority based on an earlier filed application if, inter alia, the later filed application contains or is amended to contain a specific reference to the earlier filed application. *SJ Order,* at 6. To claim priority to International Application 2b, each intermediate application must recite every intervening application before it all the way back to International Application 2b. *Id.* at 8. Because the specifications of U.S. Applications 6 and 8 each simply state that "this application is also a continuation-in-part of [International Application 2b]," these applications have failed to recite the correct chain of priority as required by § 120. *Id.* In particular, Medtronic's U.S. Application 6 broke the priority chain by leaving out U.S. Application 4 in making its claim for priority to International Application 2b; likewise, U.S. Application 8 failed to link U.S. Applications 4 and 6 in its priority claim to International Application 2b. The district court thus found that the '281 patent cannot claim priority back to International Application 2b under § 120. *Id.*

**\*3** The parties did not dispute that the '281 patent can claim priority to the patent application that was next along the priority chain, U.S. Application 4, filed on April 10, 2003, because it recited its priority claim accurately. Accordingly, the district court granted partial summary judgment in favor of Edwards and set the priority date of the '281 patent to be no earlier than April 10, 2003. *Id.*

With respect to invalidity, the district court noted that apart from the priority date issue, Medtronic did not rebut Edwards's evidence that the Asserted Claims of the '281 patent were anticipated by French Application 1b under 35 U.S.C. § 102(d), or that asserted claims 3, 4, and 7 were anticipated by patents that issued from French Application 1b and International Application 2b under § 102(a). *Id.* at 9. Upon finding the effective

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

filing date of the '281 patent to be April 10, 2003—well after the filing date of the § 102(d) reference and the issuance and publication date of the § 102(a) references—the district court held Medtronic's corresponding patent claims invalid as anticipated. The district court thereafter granted summary judgment of invalidity to Edwards. *Id.* at 9.

On November 26, 2012, the district court entered final judgment against Medtronic, and adjudged claims 3, 4, 7, 12, 14, and 15 of the '281 patent to be invalid under 35 U.S.C. § 102. Medtronic appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

[1] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). We review a district court's grant or denial of summary judgment under the law of the regional circuit, here the Ninth Circuit. *Teva Pharm. Indus. v. Astrazeneca Pharm. LP,* 661 F.3d 1378, 1381 (Fed.Cir.2011). The Ninth Circuit reviews summary judgment rulings without deference. *Dealertrack, Inc. v. Huber,* 674 F.3d 1315, 1320 (Fed.Cir.2012). Determination of a patent's priority date is purely a question of law if the facts underlying that determination are undisputed. *E.I. du Pont de Nemours & Co. v. MacDermid Printing Solutions, LLC,* 525 F.3d 1353, 1359 (Fed.Cir.2008). This case presents no disputed issues of fact relevant to the district court's determinations.

Medtronic's appeal asks us to determine whether the district court erred in holding that the '281 patent could not claim the benefit of an earlier priority date for failure to comply with the requirements of both 35 U.S.C. §§ 119 and 120. Medtronic recognizes, however, that it must demonstrate compliance with *both* §§ 119 and 120 to overcome the final judgment of invalidity because that finding rests entirely on the district court's priority date determination. Thus, the parties agree that an affirmance of the district court's determination under *either* § 119 or § 120 would seal the fate of the '281 patent. Oral Argument at 1:04–2:08, 46:40–47:17, *Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.,* No.2013–1117 (Fed.Cir. Oct. 9, 2013), *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2013–1117.mp3. Therefore, we need to examine the district court's analysis only with respect to one of the two provisions governing priority—we choose § 120.

*4 Section 120 allows a later filed patent application to claim the benefit of an earlier filing date in the United States if, among other requirements,[FN3] "it contains or is amended to contain a specific reference to the earlier filed application ... submitted at such time during the pendency of the application as required by the Director." 35 U.S.C. § 120. We recently clarified that the "specific reference" requirement mandates "each [intermediate] application in the chain of priority to refer to the prior applications." *Encyclopaedia Britannica,* 609 F.3d at 1352.

[2] We agree with the district court that because intermediate U.S. Applications 6 and 8 failed to specifically reference the earlier filed applications in the priority chain, the '281 patent is not entitled to claim the priority date of International Application 2b under § 120.

A complete priority chain claiming priority to International Application 2b under § 120 would have disclosed the following:

The present application (U.S. Application 10) claims priority under 35 U.S.C. § 120 as a continuation of U.S. Application Serial No. 12/029,031 (U.S. Application 8), filed February 11, 2008, which is a continuation of U.S. Application Serial No. 11/352,614 (U.S. Application 6), filed February 13, 2006, which is a continuation of U.S. Application Serial No. 10/412,634 (U.S. Application 4), filed April 10, 2003, which is a continuation-in-part of International Application No. PCT/FR 01/03258 (International Application 2b), filed October 19, 2001.

This priority chain was recited in U.S. Application 10, which matured into the '281 patent.[FN4] *See* J.A. 918. Medtronic, however, failed to do as thorough a job for the priority claims in intermediate U.S. Applications

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

6 and 8, which merely stated, in relevant part:

> [T]his application is also a continuation-in-part of International Application No. PCT/FR 01/03258 [International Application 2b], filed on Oct. 19, 2001, which was published in a language other than English.

J.A. 1054 (U.S. Application 8); J.A. 945 (U.S. Application 6). The priority chain disclosed in U.S. Applications 6 and 8 insufficiently and incorrectly stated that (1) U.S. Application 6 is a continuation-in-part of International Application 2b, omitting any reference to intermediate U.S. Application 4; and (2) U.S. Application 8 is a continuation-in-part of International Application 2b, omitting citations to both intermediate U.S. Applications 6 and 4. More is required.[FN5] The district court thus correctly found that the priority claims in U.S. Applications 6 and 8 were defective under § 120 because the phrase "this application" does not expressly identify the correct patent application (i.e., U.S. Application 4) as the co-pending continuation-in-part of International Application 2b. *SJ Order*, at 8. Instead, it is apparent from reviewing the disclosure in U.S. Application 4 that Medtronic recycled the priority claim in that application for use in U.S. Applications 6 and 8. Compare J.A. 904 (U.S. Application 4) with J.A. 1054 (U.S. Application 8) and J.A. 945 (U.S. Application 6).

*5 Medtronic disputes that the phrase "this application" in the priority claims of U.S. Applications 6 and 8 must mean, as the district court found, "the present application." *SJ Order*, at 8. Medtronic asserts that the district court incorrectly adopted a plain language reading of the phrase, even though Medtronic had intended for the phrase to refer to U.S. Application 4. Stated differently, Medtronic's argument is that the phrase "this application" is not self-referential from application to application; rather, it always refers to U.S. Application 4, whether it is being used in U.S. Application 4, 6, or 8.

Medtronic's proposed meaning of "this application" is an attempt at linguistic gymnastics and makes little sense relative to the straightforward, plain language meaning of the phrase. For example, section 201.11 of the Manual of Patent Examining Procedure ("M.P.E.P."), which provides instructions on claiming the benefit of an earlier filing date under 35 U.S.C. §§ 120 and 119(e), repeatedly uses the phrase "this application" to refer to the present application. See, e.g., M.P.E.P. § 201.11 (8th ed. rev.5, Aug. 2006) ("The relationship between the applications is whether the instant application is a continuation, divisional, or continuation-in-part of the prior nonprovisional application. An example of a proper benefit claim is 'this application is a continuation of prior Application No. ——, filed ——.' "). Our opinions also use and interpret "this application" in the self-referential sense to mean the "present application." See, e.g., *Santarus, Inc. v. Par Pharm., Inc.*, 694 F.3d 1344, 1360–61 (Fed.Cir.2012) (Newman, J., concurring-in-part and dissenting-in-part) (noting that the patent application properly claimed priority under § 120 when it disclosed all prior applications with "no break in the chain of priority" and concluded with, "This application claims priority to all such previous applications...."); *Broadcast Innovation, L.L.C. v. Charter Commc'ns, Inc.*, 420 F.3d 1364, 1366 (Fed.Cir.2005) (interpreting "[t]his application is a divisional" to set forth the priority chain of the present application); *Zenon Envtl., Inc. v. U.S. Filter Corp.*, 506 F.3d 1370, 1383 (Fed.Cir.2007) (interpreting "[t]his application is a continuation of" to set forth the chain of co-pending applications from the present application).

Next, Medtronic argues that the meaning of the phrase "this application" should not be rigidly determined, but instead should be based on what a reasonable person would understand it to disclose within the context. In the context of the '281 patent, the phrase should be interpreted to mean "U.S. Application 4" in U.S. Applications 6 and 8 because, Medtronic asserts, any reasonable person "reviewing the priority claims would understand that the only application that is identified in the priority claims that could be the continuation-in-part [of International Application 2b] is [U.S.] Application 4." Appellant's Br. 24–25. Medtronic made a similar argument to the district court that anyone "of ordinary skill in the art" would understand

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2014 WL 229081 (C.A.Fed. (Cal.))
(Cite as: 2014 WL 229081 (C.A.Fed. (Cal.)))

"this application" in U.S. Applications 6 and 8 to refer to U.S. Application 4 because every other patent application in the priority chain was filed too late to fit the bill.[FN6] The district court rejected this argument. *SJ Order,* at 8 n. 10. Citing *MacDermid Printing,* 525 F.3d at 1361, Medtronic similarly urges on appeal that the test for determining whether a priority claim contains the specific reference required by § 120 is whether a reasonable person reading the language of the claim would be able to determine the relationship between the priority applications. It submits that the language of a priority claim should not exist in isolation, but should be interpreted by an interested reader who discerns the context.

*6 We decline to adopt the "reasonable person" test proposed by Medtronic to interpret the sufficiency of a priority claim under 35 U.S.C. § 120. Medtronic's proposal runs afoul of the language of the statutory provision, which requires "a specific reference" to each earlier filed application, as well as the implementing regulation for § 120, which requires precise details in priority claims down to the "application number (consisting of the series code and serial number)," 37 C.F.R. § 1.78(a)(2)(i).

The reasons for the required precision are apparent. Medtronic claims that a reasonable person interpreting the phrase "this application" in context would have concluded that it unambiguously meant "U.S. Application 4," because that was the only application that could have been a continuation-in-part of International Application 2b based on its filing date. The reasonable person would not be so certain, however. As Edwards points out, U.S. Application 4's predecessor, U.S. Patent Application Serial No. 10/130,355 ("U.S. Application 3"), filed on November 26, 2002, also comes within the thirty month cutoff date and would have been just as reasonable a contender as U.S. Application 4 to be the application to which "this application" referred. Ultimately, a closer look at the '281 patent's complicated priority recitations, as well as an understanding of § 120's disclosure requirements, would have eliminated U.S. Application 3 as a candidate because it neither claims priority to International Application 2b nor does it belong to the same priority chain as the Asserted Claims.[FN7] However, such a conclusion would come to light only if the reasonable person had a sufficient understanding of prosecution procedure and litigation subject matter. These nuances demonstrate the difficulty in ascertaining the correct priority chain of a patent application that did not contain "specific references."

[3] The patentee is the person best suited to understand the genealogy and relationship of her applications; a requirement for her to clearly disclose this information should present no hardship. *Accord Sticker Indus. Supply Corp. v. Blaw–Knox Co.,* 405 F.2d 90, 93 (7th Cir.1968). On the contrary, Medtronic's "reasonable person" test improperly places the burden of deciphering a priority claim upon the reader or the public. *Cf. Sampson v. Ampex Corp.,* 463 F.2d 1042, 1045 (2d Cir.1972) (observing that the "specific reference" requirement under § 120 has the purpose of ensuring that someone examining a patent claiming the benefit of an earlier filed application is able to determine the priority date with "a minimum of effort"). Allocating the responsibility of disclosure through specific references to the patentee eliminates the inefficiencies associated with having the public expend efforts to unearth information when such information is readily available to the patentee. *See Sticker Indus.,* 405 F.2d at 93 ("Congress may well have thought that Section 120 was necessary to eliminate the burden on the public to engage in long and expensive search of previous applications in order to determine the filing date of a later patent.").

*7 Lastly, Medtronic's reliance on *MacDermid Printing* is similarly misplaced. The issue in that case was whether a reference in a non-provisional application was sufficient to claim priority to a provisional application under 35 U.S.C. § 119(e). *MacDermid Printing,* 525 F.3d at 1361. Although the patentee in *MacDermid Printing* correctly disclosed and identified the relationship between the two applications, it did so without using the phrase "claims the benefit of," an example of acceptable "priority" language provided by the M.P.E.P. *Id.* In contrast to *MacDermid*

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

*Printing,* where certain magic words were not used but the priority claim was otherwise correct, here Medtronic used language suggested by the M.P.E.P. in a *contrary* manner, and additionally failed to disclose the correct relationships between the applications at issue.

We have considered Medtronic's remaining arguments and do not find them persuasive. Summary judgment of invalidity in this case was predicated on the determination of the priority date of the '281 patent. Because Medtronic failed to specifically reference each earlier filed application in the intervening applications in the chain of priority for the '281 patent under 35 U.S.C. § 120, the district court was correct to limit the priority date of the patent to no earlier than April 10, 2003 and thereafter find the Asserted Claims invalid as anticipated. For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED.**

FN1. For convenience, we continue to adhere to the patent application naming convention used by the parties and the district court in the proceedings below.

FN2. The '281 patent recites two separate priority chains, only one of which is relevant in this case.

FN3. The other requirements, which are not at issue in this appeal, are that (1) the invention described in the new application must be disclosed in an application previously filed in the United States; (2) the application must be filed by the inventor(s) named in the previously filed application; and (3) the application must be copending with the earlier application at some point. 35 U.S.C. § 120; *Encyclopaedia Britannica,* 609 F.3d at 1349–50.

FN4. U.S. Application 10 did not always disclose such a complete priority chain. On May 4, 2009, or four months after its filing, Medtronic amended the priority claim in U.S. Application 10 to add what had been previously omitted, i.e., references to U.S. Applications 4, 6, and 8 and disclosure of relationships between the intervening applications. *See* J.A. 919. On February 22, 2011, U.S. Application 10 issued as the '281 patent with the corrected and complete priority claim. J.A. 47.

FN5. In this case, an example of a sufficient disclosure under § 120 would have been as follows for U.S. Application 8:

> The present application is a continuation of U.S. Application Serial No. 11/352,614 [U.S. Application 6], filed February 13, 2006, which is a continuation of U.S. Application Serial No. 10/412,634 [U.S. Application 4], filed April 10, 2003, which is a continuation-in-part of International Application No. PCT/FR 01/03258 [International Application 2b], filed on October 19, 2001.

And as follows for U.S. Application 6:

> The present application is a continuation of U.S. Application Serial No. 10/412,634 [U.S. Application 4], filed April 10, 2003, which is a continuation-in-part of International Application No. PCT/FR 01/03258 [International Application 2b], filed on October 19, 2001.

FN6. In lieu of entering the national stage under 35 U.S.C. § 371, an international application may be claimed in a continuation application in the United States if filed within thirty months of its priority date. U.S. Application 4 was the only application along the pertinent priority chain (that is, among U.S. Applications 4, 6, 8, and 10) that was filed within thirty months of the priority date of International Application 2b.

FN7. As mentioned previously, the '281 patent discloses two priority chains, only one of which pertains to the Asserted Claims in this

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2014 WL 229081 (C.A.Fed. (Cal.))
**(Cite as: 2014 WL 229081 (C.A.Fed. (Cal.)))**

case.

C.A.Fed. (Cal.),2014.
Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.
--- F.3d ----, 2014 WL 229081 (C.A.Fed. (Cal.))

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Ex. 2

David Martinez, Bar No. 193183
DMartinez@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Martin R. Lueck (*pro hac vice*)
MRLueck@rkmc.com
Jan M. Conlin (*pro hac vice*)
JMConlin@rkmc.com
Stacie E. Oberts (*pro hac vice*)
SEOberts@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

Attorneys for Plaintiffs and Counterclaim-Defendants MEDTRONIC COREVALVE LLC, MEDTRONIC CV LUXEMBOURG S.A.R.L., and MEDTRONIC VASCULAR GALWAY LTD.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEDTRONIC COREVALVE LLC, MEDTRONIC CV LUXEMBOURG S.A.R.L., AND MEDTRONIC VASCULAR GALWAY LTD.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION, EDWARDS LIFESCIENCES LLC, AND EDWARDS LIFESCIENCES (U.S.) INC.,<br><br>Defendants and Counterclaim-Plaintiffs. | Case No. SACV11 00961 JVS (MLGx)<br><br>[Assigned to the Hon. James V. Selna]<br><br>**MEDTRONIC'S BRIEF IN OPPOSITION TO EDWARDS' MOTION FOR SUMMARY JUDGMENT ON PRIORITY AND INVALIDITY AND IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRIORITY** |

Accordingly, "this application," a continuation-in-part of PCT Application 2b, *can only be Application 4.* This is further demonstrated on the cover sheet of the '278 patent which states that the '278 patent is a "[c]ontinuation of application No. 10/412,634, filed on Apr. 10, 2003 [Application 4], now Pat. No. 7,018,406, which is a continuation-in-part of application No. 10/130,355, filed as application No. PCT/FR00/03176 on Nov. 15, 2000, now Pat. No. 6,830,584, and a continuation-in-part of application No. PCT/FR01/03258, filed on Oct. 19, 2001 [PCT Application 2b]." [D.I. 137, Ex. 6 at [63].] The plain language of Application 6 thus demonstrates that Edwards' alleged "defect" number 3 fails as a matter of law.

2. ***Application 8 claims priority through Application 6 and Application 4 to PCT Application 2b.***

Edwards' contention that Application 8 somehow failed to include the "specific reference" to Application 6 and Application 4 in its claim to PCT Application 2b required by 35 U.S.C. § 120 is equally disingenuous. The first sentence of Application 8's specification explicitly states:

> *The present application is a continuation of U.S. Application 11/352,614 filed February 13, 2006* [Application 6], *now U.S. Patent No. 7,329,278, which is a continuation of U.S. Application 10/412,634 filed April 10, 2003* [Application 4], *now U.S. Patent No. 7,018,406,* which is a continuation-in-part of U.S. Application 10/130,355, now U.S. Patent No. 6,830,584, which has a 371(c) date of November 26, 2002 and is the U.S. national phase under § 371 of International Application No. PCT/FR00/03176, filed on November 15, 2000, which was published in a language other than English and which claimed priority from French Application No. 99/144462 filed on November 17, 1999, now French Patent No. 2,800,984; *this application is also a continuation-in-part of*

> *International Application No. PCT/FR01/03258 filed on October 19, 2001 [Application 2b], which was published in a language other than English.*

[Hedden Decl., Ex. 14 at ¶ 0001 (emphasis added).]

Here, too, the specification includes specific reference to Application 4 (and Application 6), and refers to Application 4 (and Application 6) in claiming priority to PCT Application 2b. While Edwards again incorrectly annotates "this application," to refer to Application 8, it remains the case that the only application that could be a continuation-in-part of PCT Application 2b is Application 4. That Application 8 indicates the correct relationship between the various applications is also confirmed by the application transmittal sheet that was submitted to the PTO, which contains the following table:

CONTINUITY INFORMATION:

| Application | Relationship | Parent App. No. | Filing Date | Status |
|---|---|---|---|---|
| This Application | Continuation of | 11/352,614 | 02/13/06 | Pending |
| 11/352,614 | Continuation of | 10/412,634 | 04/10/03 | Issued |
| 10/412,634 | Continuation-in-Part of | 10/130,355 | 11/26/02 | Issued |
| 10/412,634 | Continuation-in-Part of | PCT/FR01/03258 | 10/19/01 | |
| 10/130,355 | §371 of | PCT/FR00/03176 | 11/15/00 | |

[Hedden Decl., Ex. 13.] The application transmittal sheet plainly identifies Application 4 (No. 10/412,634) as the application that is a continuation-in-part of PCT Application 2b (No. PCT/FR01/03258). Just as with Application 6, there can be no genuine dispute that Application 8 contains a specific reference to each preceding application and indicates the relationship between those applications. Accordingly, Edwards' alleged "defect" number 5 is also without merit.

**C. Edwards' Motion for Invalidity Must Be Denied Because Dr. Seguin's French Patent and Publication Are Not Prior Art.**

As shown above, the '281 patent is entitled to the October 31, 2000 priority date of French Application 1b. Edwards' invalidity assertions rely exclusively upon Edwards' incorrect assertion that the priority date of the '281 patent is April

# Ex. 3

**2013-1117**

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

MEDTRONIC COREVALVE, LLC,
MEDTRONIC CV LUXEMBOURG S.A.R.L.,
and MEDTRONIC VASCULAR GALWAY, LTD.,

*Plaintiffs-Appellants*,

v.

EDWARDS LIFESCIENCES CORPORATION,
EDWARDS LIFESCIENCES, LLC,
and EDWARDS LIFESCIENCES (U.S.), INC.,

*Defendants-Appellees*.

Appeal from the United States District Court for the Central District of California
in case no. 11-CV-0961, Judge James V. Selna

**PLAINTIFFS-APPELLANTS' PRINCIPAL BRIEF**

Martin R. Lueck
Stacie E. Oberts
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
(612) 349-8500

*Attorneys for Plaintiffs-Appellants Medtronic CoreValve LLC, Medtronic CV Luxembourg S.a.r.l., and Medtronic Vascular Galway, Ltd.*

March 14, 2013

specification. Under the reasonable person standard, the cover page of the '278 patent provides further evidence that Application 6 properly claims priority to PCT Application 2b.

But the district court failed to address the priority claim on the cover page of the '278 patent. That is a second, independent error that provides grounds for reversal. The "specific reference" required by § 120 can appear either in the specification or on the cover page. *Broadcast Innovation, L.L.C. v. Charter Commc'ns, Inc.*, 420 F.3d 1364, 1367 (Fed. Cir. 2005).

While Edwards takes issue with the language used in the specification of the '278 patent, Edwards has never disputed that the cover page sets forth the relationship between Application 6, Application 4, and PCT Application 2b. For these reasons, the district court's decision must be reversed.

**B.    Application 8 Contains Specific References to Application 6, Application 4, and PCT Application 2b.**

The district court also erred in its determination regarding Application 8. As with Application 6, the district court found that the requirements of § 120 were not satisfied because Application 8 does not recite Application 4 in its claim for priority to PCT Application 2b. The record, however, demonstrates the district court's holding was erroneous.

The specification of Application 8 states:

31

Case 1:12-cv-10576-DJC Document 115 Filed 03/24/2019 Page 19 of 20

> The present application is a continuation of U.S. Application 11/352,614 filed February 13, 2006, now U.S. Patent No. 7,329,278 [**Application 6**], which is a continuation of U.S. Application 10/412,634 filed April 10, 2003, now U.S. Patent No. 7,018,406 [**Application 4**], which is a continuation-part-of U.S. Application 10/130,355, now U.S. Patent No. 6,830,584, which . . . ; this application is also a continuation-in-part of International Application No. PCT/FR01/03258 filed on October 19, 2001 [**PCT Application 2b**], which was published in a language other than English.[88]

Application 8's priority claim to PCT Application 2b indisputably recites both Application 6 and Application 4.

As discussed above, the proper standard in determining whether a priority claim sets forth the "specific reference" is whether a reasonable person reading the priority claim would determine that Application 8 is a continuation of Application 6, that Application 6 is a continuation of Application 4, and that Application 4 is a continuation-in-part of PCT Application 2b.

Application 8 indicates each of these relationships. The only relationship that Edwards and the district court disputed is that between Application 4 and PCT Application 2b. But just as with Application 6, the only application in Application 8's priority claim that *can* be a continuation-in-part of PCT Application 2b is Application 4. Every other application in the priority chain was filed too late. Accordingly, a reasonable person reading Application 8's priority claim would understand that Application 4 is the continuation-in-part of PCT Application 2b.

---

[88] A622 at ¶ 0001.

32

This fact is confirmed by Edwards' three independent law firms that analyzed the priority claims and concluded with a minimum of effort that a priority claim to PCT Application 2b was proper.

In fact, no reasonable person could understand any differently since the relationship between Application 4 and PCT Application 2b is also recited on the Application Transmittal Sheet that accompanied the filing of Application 8[89]:

**CONTINUITY INFORMATION:**

| Application | Relationship | Parent App. No. | Filing Date | Status |
|---|---|---|---|---|
| This Application | Continuation of | 11/352,614 | 02/13/06 | Pending |
| 11/352,614 | Continuation of | 10/412,634 | 04/10/03 | Issued |
| 10/412,634 | Continuation-in-Part of | 10/130,355 | 11/26/02 | Issued |
| 10/412,634 | Continuation-in-Part of | PCT/FR01/03258 | 10/19/01 | |
| 10/130,355 | §371 of | PCT/FR00/03176 | 11/15/00 | |

Because Application 6 and Application 8 satisfy the requirements of 35 U.S.C. § 120 with respect to PCT Application 2b, Application 6 and Application 8 are entitled to claim the benefit of the filing date of PCT Application 2b.

The district court erred in deciding the contrary, and the district court's determination that the '281 patent is not entitled to claim the benefit of the October 19, 2001 filing date of PCT Application 2b must be reversed.

### III. THE DISTRICT COURT ERRED IN DETERMINING THAT THE '281 PATENT CANNOT CLAIM PRIORITY TO FRENCH APPLICATION 1B UNDER § 119.

The '281 patent also claims priority to French Application 1b. Section 119 governs priority claims to foreign-filed patent applications, and provides:

---

[89] A619.

33