UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORLDS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., and ACTIVISION PUBLISHING, INC.,<br><br>    Defendants. | Civil Action No. 1:12-CV-10576-DJC<br><br>JURY TRIAL DEMANDED |

### WORLDS, INC.'S RESPONSE TO
### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

On January 24, 2014, Defendants submitted a Notice of Supplemental Authority, arguing that that *Medtronic Corevalve, LLC v. Edwards Lifesciences Corp.*, — F.3d —, 2014 WL 229081 (Fed. Cir. Jan. 22, 2014), bears on the question of whether Worlds' 1996 patent application validly claimed priority to Worlds' 1995 provisional patent application. *Medtronic* does not support Defendants' arguments.

*Medtronic* is inapplicable under its own facts. In *Medtronic*, the Federal Circuit affirmed summary judgment of invalidity on behalf of the defendant (Edwards) because a patent application in the chain of priority failed to include an appropriate "specific reference" to an earlier intermediate patent application. *Id.* at *4–7. The problem for the plaintiff (Medtronic) was that its patent application included a misleading claim of priority that omitted intermediate foreign patent applications (even though the application may have included some accurate priority information elsewhere). *See id.* The court found it important that Medtronic's priority claim omitted details of prior foreign applications, when § 120 "requires precise details in priority claims down to the

application number consisting of the series code and serial number." *Id.* at *6. The Court said that inconsistencies in the prosecution history for the Medtronic patents, which used the MPEP's suggested language in a "*contrary*" and misleading manner, made it difficult to determine the proper chain of priority under § 120. *Id.* Here, Worlds' 1996 patent application specifically references Worlds' 1995 provisional application by including the "precise details [ ] down to the application number," including the "series code and serial number." *See* Worlds' Opp. to MSJ at 4–8 (D.I. 89). There is no "contrary" language. Furthermore, unlike in *Medtronic*, Worlds is not advocating for a "reasonable person" test to assess compliance with § 120, nor is any such test necessary here. In its 1996 patent application, Worlds plainly claimed priority to the 1995 provisional application, thereby satisfying § 120's requirements. *See id.* Finally, contrary to what Defendants imply in their notice, *Medtronic* did not involve any detailed interpretation of 37 C.F.R. § 1.78's specific reference provision, or any discussion of what constitutes an application data sheet. In short, *Medtronic* is inapplicable. Rather, the most closely analogous precedent on this issue is *E.I. du Pont de Nemours & Co. v. MacDermid Printing Solutions, LLC*, 525 F.3d 1353 (Fed. Cir. 2008).

Second, even if *Medtronic* were relevant to the narrow issue of whether Worlds' patent applications complied precisely with § 120, the case is irrelevant to other of Worlds' key arguments — namely, Worlds' positions that the Court can and should correct any errors on the face of its patents, and that Worlds' patents are not invalid because Worlds' September 2013 Certificates of Correction are effective in this litigation.

Dated: February 3, 2014                     Respectfully submitted,

**Worlds, Inc.**
By its attorneys,

*/s/ Ryan V. Caughey*
Max L. Tribble (admitted *pro hac vice*)
mtribble@susmangodfrey.com
Brian D. Melton (admitted *pro hac vice*)
bmelton@susmangodfrey.com
Chanler Langham (*pro hac vice* pending)
clangham@susmangodfrey.com
Ryan Caughey (admitted *pro hac vice*)
rcaughey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Joel R. Leeman (BBO # 292070)
jleeman@sunsteinlaw.com
SUNSTEIN KANN MURPHY & TIMBERS LLP
125 Summer Street
Boston, MA 02110-1618
Telephone: (617) 443-9292
Facsimile:  (617) 443-0004

*Attorneys for Plaintiff Worlds, Inc.*

**Certificate of Service**

I certify that on the above date, this document was filed through the ECF system and thereupon sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ryan V. Caughey
Ryan V. Caughey