UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORLDS, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., and ACTIVISION PUBLISHING, INC.,<br><br>　　　　　Defendants. | Civil Action No.<br>1:12-CV-10576-DJC<br><br>JURY TRIAL DEMANDED |

## WORLDS, INC.'S REQUEST FOR *MARKMAN* HEARING

Plaintiff Worlds, Inc. (Worlds) respectfully requests that the Court schedule a *Markman* hearing. The *Markman* hearing has already been postponed twice, and there are several reasons why the *Markman* should be scheduled without further delay.

*First*, irrespective of how the Court decides Defendants' Motion for Summary Judgment, this case will proceed and require a *Markman* hearing. There is simply no reason to put off the *Markman* hearing until the Court issues its summary judgment order. It is of course Worlds' strong contention that Defendants' Motion should be denied in its entirety. But regardless of how the Court decides the core issues at stake, the Certificates of Correction (D.I. 107) issued to Worlds are effective in this case as to Defendants' ongoing infringement and eliminate any argument Defendants could have for outright dismissal. *See, e.g.*, *Lamoureux v. AnazaoHealth Corp.*, 669 F. Supp. 2d 227, 236 (D. Conn. 2009) ("[T]he critical date for purposes of determining whether the certificate of correction applies is the date the cause of action arose, i.e., the date the infringing conduct occurred, and not the date the complaint was filed."); *Masonite Corp. v. Craftmaster Mfg., Inc.*, 2011 WL 1642518, at *3 (N.D. Ill. Apr. 29, 2011) (same). This case will go on, and

as such a *Markman* hearing should be scheduled.

*Second*, claim construction motions have been fully briefed, and the parties have already prepared for two postponed *Markman* hearings. There is no justification for further delay. In line with the parties' Joint Scheduling Statement, the Court initially scheduled the *Markman* hearing for June 27, 2013. Then, in light of the Court's trial calendar, the Court rescheduled the *Markman* hearing for August 22–23, 2013. In the interim, Defendants filed a Motion for Summary Judgment on Invalidity, in light of which the Court postponed the *Markman* hearing indefinitely. On October 17, 2013, the Court heard the parties' summary judgment arguments. The Court has not yet issued a summary judgment order. Presently, claim construction has been fully briefed for more than **nine months**, and the lack of a *Markman* hearing has put this case in limbo and already severely delayed the expected trial date.[1] Given that Defendants' Motion for Summary Judgment is not case-dispositive, the fact that claim construction is briefed and ripe for decision counsels strongly in favor of scheduling a *Markman* hearing promptly.

*Third,* any further delay would harm Worlds. As an initial matter, the delayed *Markman* hearing and trial setting impairs Worlds' ability to obtain timely relief for Activision's ongoing acts of infringement. This potential for harm has been compounded by the fact that, in October 2013, Activision filed a lawsuit in the Central District of California where it accused Worlds of infringing two patents that Activision recently purchased (presumably with the intention of harassing Worlds and other entities that had sued Ac-

---

[1] Indeed, at the initial scheduling conference in August 2012, the Court set dates only up to the *Markman* hearing.  The Court indicated that it would set a trial date and other pretrial deadlines at or soon after the *Markman* hearing. Thus, postponing the *Markman* hearing any further would leave this case in limbo indefinitely — with no trial date, no discovery deadline, and no *Markman* order — and would risk dragging this dispute out and causing significant delays in the ultimate trial date and pretrial deadlines. Such delays would harm Worlds.

tivision). *See Activision Publishing, Inc. v. Worlds, Inc. et al*, No. CV 13-07380 (C.D. Cal.); *see also, e.g.*, *Activision Publishing, Inc. v. Novalogic, Inc.*, No. CV 13-05091 (C.D. Cal.) (suing Novalogic for infringement of the same the patents-in-suit from the *Activision v. Worlds* case, where Novalogic had previously sued Activision for patent infringement). Further delay in this case — the primary case — could give Activision further opportunity to use its financial resources to collaterally attack Worlds and interfere with Worlds' pursuit of its rights in this case.

For these reasons, Worlds respectfully requests that the Court schedule the *Markman* hearing promptly, for a date as soon as the Court's calendar would permit.

Dated: February 28, 2014               Respectfully submitted,

**Worlds, Inc.**
By its attorneys,

By: */s/ Ryan V. Caughey*
Max L. Tribble (admitted *pro hac vice*)
mtribble@susmangodfrey.com
Brian D. Melton (admitted *pro hac vice*)
bmelton@susmangodfrey.com
Chanler Langham (*pro hac vice* pending)
clangham@susmangodfrey.com
Ryan Caughey (admitted *pro hac vice*)
rcaughey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Joel R. Leeman (BBO # 292070)
jleeman@sunsteinlaw.com
SUNSTEIN KANN MURPHY & TIMBERS LLP
125 Summer Street
Boston, MA 02110-1618
Telephone: (617) 443-9292
Facsimile:  (617) 443-0004

*Attorneys for Plaintiff Worlds, Inc.*

**Certificate of Service**

I certify that on the above date, this document was filed through the ECF system and thereupon sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Ryan V. Caughey*
Ryan V. Caughey