UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WORLDS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., and ACTIVISION PUBLISHING, INC.,<br><br><br>        Defendants. | § § § § § § § § § § § § § § | Civil Action No. 1:12-CV-10576 (DJC)<br><br>JURY TRIAL DEMANDED |

**WORLDS INC.'S FOURTH SUPPLEMENTAL
DISCLOSURE OF THE CLAIMS INFRINGED**

Worlds Inc. ("Worlds") provides the following fourth supplemental disclosure of the claims infringed. The purpose of this supplemental disclosure is to add *Call of Duty: Ghosts* — which was released by Defendants in November 2013 — as an accused product, and submit corresponding infringement disclosures for *Call of Duty: Ghosts* and each of the patents-in-suit.[1] The infringement charts for *Call of Duty: Ghosts* are attached as Exhibits B-12, D-12, F-12, H-12, and J-12, which are numbered sequentially with the other accused *Call of Duty* titles. Worlds has not reattached the remaining infringement disclosures, which were served and filed on August 14, 2013 and have not been modified. Therefore, except for the new infringement disclosures for *Call of Duty: Ghosts*, the infringement disclosures served and filed on August 14, 2013 remain operative.

Worlds' statements herein are based on publicly available information and the computer source code and documentation that have been provided by Defendants Activision Blizzard, Inc.,

---

[1] This filing is made pursuant to an agreement by the parties. Call of Duty: Ghosts was released in November 2013. On December 12, 2013, Activision agreed to permit Worlds to inspect source code for Call of Duty: Ghosts and then supplement its infringement contentions accordingly. On February 18, 2014, Worlds inspected source code for Call of Duty: Ghosts, and Worlds is hereby serving and filing its supplemental contentions on March 4, 2014.

Blizzard Entertainment, Inc., and Activision Publishing, Inc. (collectively, "Defendants").

Discovery is ongoing, and certain documentation and information may not yet be available to

Worlds that is fundamental to its infringement claims. In particular, Worlds has not yet deposed

officers or employees of any defendant concerning the operation, functionality and integration,

packaging, or terminology of their respective products.

With publicly available data, it is occasionally difficult to identify Defendants' infringing

products by name. However, Defendants have given Worlds information regarding the titles in

the *Call of Duty* and *World of Warcraft* franchises. Therefore, Worlds' identification is based on

Defendants' representations. If additional titles in the *Call of Duty* or *World of Warcraft*

franchises are identified during discovery (or if additional versions of already identified titles are

discovered), Worlds reserves the right to add those versions as accused products to this lawsuit.

Based on the information provided by Defendants, the infringing products in the *Call of*

*Duty* franchise include the following games and all versions thereof, across all non-mobile

platforms (including PC, Mac, PlayStation 2, PlayStation 3, PlayStation 4, Xbox, Xbox 360,

Xbox One, Wii, and Wii-U)[2]: Call of Duty; Call of Duty: United Offensive (expansion pack);

Call of Duty 2; Call of Duty 2: Big Red One; Call of Duty 3; Call of Duty 4: Modern Warfare;

Call of Duty 4: Modern Warfare "Reflex Edition"; Call of Duty: World at War; Call of Duty:

Modern Warfare 2; Call of Duty: Black Ops; Call of Duty: Modern Warfare 3; and Call of Duty:

Ghosts. The infringing products in the *World of Warcraft* franchise include the following games

and all versions thereof, across all platforms: World of Warcraft; World of Warcraft: Burning

Crusade (expansion set); World of Warcraft: Wrath of the Litch King (expansion set); World of

Warcraft: Cataclysm (expansion set); World of Warcraft: Mists of Pandaria (expansion set).

Collectively, these titles in the *Call of Duty* and *World of Warcraft* franchises compose the

---

[2]    Worlds does not allege that any mobile versions of *Call of Duty* or *World of Warcraft* are infringing products.

Accused Products.

In Worlds' First Requests for Production, served August 29, 2012, Worlds requested that defendants produce and make available for inspection source code for all versions and iterations of all titles in the *Call of Duty* and *World of Warcraft* franchises (i.e., the accused products specified above). Worlds' statements herein are based on the source code that defendants have made available in response to those requests for production. Defendants have repeatedly purported to make available for inspection "source code relating to the Accused Products that is sufficient to show the operation of the accused product(s) or method(s) that Worlds identified in its preliminary infringement disclosure." *See, e.g.*, Activision's Second Supplemental Non-infringement Contentions at 6 (Dkt. No. 52). To the extent defendants make additional source code available for inspection — or to the extent defendants' tendered source code does not include code for all *World of Warcraft* and *Call of Duty* titles and products, or to the extent Defendants' release or market new *World of Warcraft* or *Call of Duty* titles during the pendency of this lawsuit — Worlds may supplement these contentions or seek other relief from the court. Furthermore, Worlds expressly reserves the right to supplement, augment, or alter its responses herein based on additional information obtained through discovery or other means concerning defendants' respective products and services.

Worlds incorporates the allegations set forth in its Original and First Amended Complaints as if fully set forth herein, as well as in its Original and Supplemental Disclosures of Claims Infringed. Subject to the above limitations and reservations of right, Worlds makes the following additional disclosures:

Worlds claims that each element of each asserted claim is directly infringed by Defendants. If for any reason the Accused Products are not found to directly meet each element of an asserted claim, Worlds alleges that Defendants are contributing to the infringement of such

claim or inducing its infringement by others because the accused functionalities have no substantial non-infringing use, and because Defendants are aware that they are inducing the direct infringement by its users and customers of the Accused Products. Worlds recognizes that whether Defendants' infringement is direct or indirect may depend on the Court's claim construction rulings. Once the Court construes the claims at issue, Worlds will designate which of such claims are infringed only indirectly, if any.

Moreover, Worlds claims that each element of each asserted claim is present literally in the Accused Products. To the extent any claim construction results in the Accused Products falling outside the literal scope of any asserted claim, Worlds reserves the right to contend that the Accused Products still infringe under the doctrine of equivalents. Once the Court construes the claims at issue, Worlds will designate which of such claims are only infringed under the doctrine of equivalents.

Based on information presently available to it, Worlds asserts that defendants infringe at least the following claims of U.S. Patent No. 7,181,690 by their manufacture, sale, offer for sale, and use of their *Call of Duty* and *World of Warcraft* products having the accused functionality as more fully set forth in Exhibits A and B-1 through B-12: claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20.

Based on information presently available to it, Worlds asserts that defendants infringe at least the following claims of U.S. Patent No. 7,493,558 by their manufacture, sale, offer for sale, and use of their Call of Duty and World of Warcraft products having the accused functionality as more fully set forth in Exhibits C and D-1 through D-12: claims 4, 5, 6, 7, 8, and 9.

Based on information presently available to it, Worlds asserts that defendants infringe at least the following claim of U.S. Patent No. 7,945,856 by their manufacture, sale, offer for sale, and use of their Call of Duty and World of Warcraft products having the accused functionality as

more fully set forth in Exhibits E and F-1 through F-12: claim 1.

Based on information presently available to it, Worlds asserts that defendants infringe at least the following claims of U.S. Patent No. 8,082,501 by their manufacture, sale, offer for sale, and use of their Call of Duty and World of Warcraft products having the accused functionality as more fully set forth in Exhibits G and H-1 through H-12: claims 1, 2, 3, 4, 5, 6, 7 (World of Warcraft only), 8, 10, 12, 14, 15, and 16 (World of Warcraft only).

Based on information presently available to it, Worlds asserts that defendants infringe at least the following claims of U.S. Patent No. 8,145,998 by their manufacture, sale, offer for sale, and use of their Call of Duty and World of Warcraft products having the accused functionality as more fully set forth in Exhibits I and J-1 through J-12: claims 1, 2, 3, 7, 8, 11, 12, 13, 14, 15, 16, 17 (World of Warcraft only), 18, 19, and 20.

At this time, Worlds knows of no specific limitations of the asserted claims where infringement depends on equivalents. Worlds alleges that if there are any differences between the claim elements in the aforementioned claims and the accused systems or methods, the differences are insubstantial and infringement would exist under the doctrine of equivalents. Worlds expressly reserves the right to augment and supplement this disclosure after further discovery from defendants and/or depending on this Court's interpretation of the asserted claims.

DATED: March 4, 2014                    Respectfully submitted,


                                        WORLDS, INC.

                                        By its attorneys,

                                        /s/ *Ryan V. Caughey*
                                        Max L. Tribble (admitted *pro hac vice*)
                                        Brian D. Melton (admitted *pro hac vice*)
                                        Chanler Langham (admitted *pro hac vice*)
                                        Ryan Caughey (admitted *pro hac vice*)
                                        SUSMAN GODFREY L.L.P.
                                        1000 Louisiana, Suite 5100
                                        Houston, TX 77002-5096
                                        Telephone: (713) 651-9366
                                        Facsimile: (713) 654-6666
                                        mtribble@susmangodfrey.com
                                        bmelton@susmangodfrey.com
                                        clangham@susmangodfrey.com
                                        rcaughey@susmangodfrey.com


                                        Joel R. Leeman (BBO # 292070)
                                        SUNSTEIN KANN MURPHY
                                           & TIMBERS LLP
                                        125 Summer Street
                                        Boston, MA 02110-1618
                                        Telephone: (617) 443-9292
                                        Facsimile: (617) 443-0004
                                        jleeman@sunsteinlaw.com

**<u>Certificate of Service</u>**

I hereby certify that a true copy of the above document was served upon Defendants' counsel of record by CM/ECF and email on March 4, 2014.

/s/ *Ryan V. Caughey*
Ryan V. Caughey
