# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORLDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC., <br> BLIZZARD ENTERTAINMENT, INC. and <br> ACTIVISION PUBLISHING, INC., <br><br> Defendants. | Civil Action No. 1:12-cv-10576-DJC <br><br> JURY TRIAL DEMANDED |

**ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC. AND
ACTIVISION PUBLISHING, INC.'S
FIFTH SUPPLEMENTAL PRELIMINARY NON-INFRINGEMENT CONTENTIONS**

Pursuant to the August 6, 2012, Joint Scheduling Statement (D.I. 27) and the Court's August 13, 2012, September 25, 2012, and November 26, 2012 Orders (D.I. 29, D.I. 35, and D.I. 40, respectively) modifying the Joint Scheduling Statement, Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc. and Activision Publishing, Inc. (collectively "Activision"), provide the following Fifth Supplemental Preliminary Non-Infringement Contentions. Activision submits that none of the asserted claims are infringed by Activision. Activision notes that the parties are currently engaged in discovery, these contentions are preliminary in nature, and the Court's order concerning the Joint Scheduling Statement provides for the possibility of further amending and supplementing these Noninfringement Contentions. Accordingly, Activision might further supplement, amend, and/or modify these contentions as this action proceeds.

1

## I. THE ASSERTED CLAIMS

Worlds, Inc. ("Worlds") alleges that Activision's accused products infringe the following claims of United States Patents Nos. 7,181,690 ("the '690 patent"), 7,493,558 ("the '558 patent"), 7,945,856 ("the '856 patent"), 8,082,501 ("the '501 patent"), and 8,145,998 ("the '998 patent") (collectively the "patents-in-suit"):

- '690 patent claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20;
- '558 patent claims 4, 5, 6, 7, 8, and 9;
- '856 patent claim 1;
- '501 patent claims 1, 2, 3, 4, 5, 6, 7 (World of Warcraft only), 8, 10, 12, 14, 15, and 16 (World of Warcraft only); and
- '998 patent claims 1, 2, 3, 7, 8, 11, 12, 13, 14, 15, 16, 17 (World of Warcraft only), 18, 19, and 20.[1]

Activision's Fifth Supplemental Preliminary Non-Infringement Contentions do not address any claims not asserted in Worlds' Infringement Contentions. To the extent that the Court permits Worlds to supplement, amend, and/or modify its contentions or to assert additional claims against Activision in the future, Activision might seek to supplement, amend, and/or modify its responses to Worlds' contentions.

Furthermore, Activision's contentions are based on what Activision believes to be the correct constructions for the claim terms in each of the asserted claims of the patents-in-suit. To the extent that the Court adopts a construction different than the constructions contemplated

---

[1] Worlds' Infringement Contentions originally alleged that Activision's accused products also infringed '558 patent claims 1-3 and '998 patent claim 21. D.I. 34 at 3-4, D.I. 58 at 3-4. On April 17, 2013, counsel for Worlds notified counsel for Activision that Worlds was no longer asserting infringement of these claims against Activision. And on May 24, 2013, Worlds dropped these claims against Activision in its Second Supplemental Infringement Contentions. D.I. 77 at 3-4.

by these contentions, Activision might seek to supplement, amend, and/or modify these contentions.

## II. THE ACCUSED PRODUCTS

Worlds has alleged that Activision has infringed, either directly or indirectly, and either literally or under the doctrine of equivalents, the patents-in-suit by Activision's manufacture, sale, offer for sale, and use of their Call of Duty and World of Warcraft products ("the Accused Products") in the United States. Activision's Call of Duty and World of Warcraft products include numerous titles, versions, and other variations of the games across many different platforms.

In Worlds' Fourth Supplemental Disclosure of the Claims Infringed, Worlds specifically alleges infringement against "the *Call of Duty* franchise includ[ing] the following games and all versions thereof, across all non-mobile platforms (including PC, Mac, PlayStation 2, PlayStation 3, PlayStation 4, Xbox, Xbox 360, Xbox One, Wii, and Wii-U)[2]: Call of Duty; Call of Duty: United Offensive (expansion pack); Call of Duty 2; Call of Duty 2: Big Red One; Call of Duty 3; Call of Duty 4: Modern Warfare; Call of Duty 4: Modern Warfare "Reflex Edition"; Call of Duty: World at War; Call of Duty; Modern Warfare 2; Call of Duty: Black Ops: Call of Duty: Modern Warfare 3; and Call of Duty: Ghosts." (Worlds' Fourth Supplemental Disclosure of the Claims Infringed, p. 2).

On June 21, 2013, counsel for Worlds notified counsel for Activision that Worlds was no longer asserting infringement against Call of Duty: Finest Hour (Gamecube), Call of Duty 2: Big Red One (Gamecube), Call of Duty 3 (Wii), and Call of Duty World at War: Final Fronts and "any of the mobile versions (for Playstation Vita or iPhone OS) of Call of Duty." Worlds' Fourth Supplemental Disclosure of the Claims Infringed (p. 2, n.2) also states that "Worlds does not allege that any mobile versions of *Call of Duty* or *World of Warcraft* are

3

infringing products" and further do not allege infringement against Call of Duty: Finest Hour (Playstation 2, Xbox). Activision thus understands that Worlds is no longer asserting infringement against at least the following products:

| Call of Duty Title | Platform |
|---|---|
| Call of Duty: Finest Hour | Playstation 2 |
|  | Xbox |
|  | Gamecube |
| Call of Duty 2: Big Red One | Gamecube |
| Call of Duty 3 | Wii |
| Call of Duty: Roads to Victory | Playstation Portable |
| Call of Duty 4: Modern Warfare | Nintendo DS |
|  | Mobile |
| Call of Duty: World at War | Nintendo DS |
|  | Mobile |
| Call of Duty: World at War: Final Fronts | Playstation 2 |
| Call of Duty: Modern Warfare 2 Force Recon | Mobile |
| Call of Duty: Modern Warfare: Mobilized | Nintendo DS |
| Call of Duty: World at War Zombies I | iPhone OS |
| Call of Duty: World at War Zombies II | iPhone OS |
| Call of Duty: Black Ops | Nintendo DS |
|  | Mobile |
| Call of Duty: Modern Warfare 3 Defiance | Nintendo DS |
| Call of Duty: Black Ops Zombies | iPhone OS/ Mobile |
| Call of Duty: Black Ops Declassified | Playstation Vita |

In addition, despite Activision making available for inspection source code for Call of Duty 4: Modern Warfare "Reflex Edition" (Wii) and Call of Duty: Modern Warfare 3 (Wii), Worlds has not provided any supplemental contentions containing source code citations related to these products. The functionality of the accused products at issue here directly involves source code, and Activision is entitled to know exactly which products are alleged to

4

infringe each asserted claim and specifically how each asserted claim limitation is allegedly met by each accused product. Thus, to the extent Worlds alleges infringement against these products, Worlds' Infringement Contentions are deficient and do not provide any bases to support its allegations. Moreover, Activision is unable to respond to Worlds' infringement allegations against these products. To the extent that Worlds is permitted to supplement its Infringement Contentions to provide charts with citations to source code for these products, Activision might supplement, amend, and/or modify these contentions.

Likewise, to the extent that Worlds generally asserts infringement against all titles and/or versions across all platforms of the Call of Duty accused products, Worlds is required to set forth its infringement theories regarding each title, version, and/or variation for each platform on a product-by-product basis. Accordingly, Activision is unable to respond to Worlds' infringement allegations against the Accused Products for which Worlds has not provided any bases (including citations to source code and/or other material) to support an assertion of infringement. Notwithstanding the foregoing, Activision submits that none of the asserted claims are infringed by any title, version, or variation of the Accused Products for any platform. Should Worlds be permitted to supplement its Infringement Contentions to provide charts with citations to source code and/or other material for additional titles, versions, or variations of the Accused Products, Activision might supplement, amend, and/or modify these contentions.

In addition, to the extent that Worlds seeks to assert infringement of the patents-in-suit against any products other than Activision's Call of Duty and World of Warcraft products, Activision objects to the inclusion of such products in this suit as improper.

### III. ACTIVISION'S RESPONSE TO WORLDS' INFRINGEMENT CONTENTIONS

Notwithstanding the deficiencies of Worlds' Infringement Contentions raised herein and to the extent that Activision understands Worlds' Infringement Contentions,

Activision has provided an explanation in its Third Supplemental Exhibits 1, 3, 5, 7, and 9 for why it believes that World of Warcraft does not infringe any of the asserted claims and an explanation in its Third Supplemental Exhibits 2, 4, 6, 8, and 10 for why it believes that the Call of Duty products referenced in Worlds' Infringement Contention charts do not infringe any of the asserted claims. Activision incorporates those exhibits by reference herein and states that the bases for non-infringement set forth in Activision's Third Supplemental Exhibits 1-10 apply to the products accused of infringement in Worlds' Fourth Supplemental Disclosure of the Claims Infringed.

In addition, Activision contends that its Call of Duty products do not infringe the asserted claims requiring a "server," "server process," "central server process," and/or "server computer."

In addition, the following Call of Duty products do not infringe the asserted claims because these products utilize a peer-to-peer system in which each client broadcasts information to all other clients:

| Call of Duty Title | Platform |
| --- | --- |
| Call of Duty 2: Big Red One | Playstation 2 |
|  | Xbox |
| Call of Duty 3 | Playstation 2 |
|  | Playstation 3 |
|  | Xbox |

A.   INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

Worlds states in its contentions that "if there are any differences between the claim elements in the aforementioned claims and the accused systems or methods, the differences are insubstantial and infringement would exist under the doctrine of equivalents."

(Worlds' Fourth Supplemental Disclosure of the Claims Infringed, p. 5). Worlds does not provide any specificity as to how or why the Accused Products would infringe the asserted claims under the doctrine of equivalents.

Should Worlds amend its contentions to add any specific allegations of infringement under the doctrine of equivalents, Activision might supplement, amend, and/or modify its contentions. Notwithstanding the foregoing, Activision believes it does not infringe, either literally or under the doctrine of equivalents, any of the asserted claims of the patents-in-suit.

      **B.**      **DIRECT AND INDIRECT INFRINGEMENT**

Worlds' Infringement Contentions also lack sufficient information concerning Worlds' grounds for alleging direct and indirect infringement. Worlds makes only a general allegation in its Infringement Contentions "that each element of each asserted claim is directly infringed by Defendants" and that "[i]f for any reason the Accused Products are not found to directly meet each element of an asserted claim, Worlds alleges that Defendants are contributing to the infringement of such claim or inducing its infringement by others." (Worlds' Fourth Supplemental Disclosure of the Claims Infringed, pp. 3-4). Worlds does not provide any specificity beyond these allegations as to why or how Activision "directly" and/or "indirectly" infringes the patents-in-suit. Moreover, Worlds does not specify on a claim-by-claim basis which claims it asserts that Activision infringes under a theory of direct infringement, joint infringement, induced infringement, and/or contributory infringement.

Notwithstanding the foregoing, Activision believes it does not infringe, either directly or indirectly, any of the asserted claims of the patents-in-suit. Should Worlds amend its contentions regarding its theories of direct and indirect infringement, Activision might supplement, amend, and/or modify its contentions.

7

## IV.    DOCUMENT PRODUCTION

Pursuant to the Joint Scheduling Statement ¶ 4.B (D.I. 27), as of December 3, 2012, Activision has made and will continue to make available for inspection source code relating to the Accused Products that is sufficient to show the operation of the accused product(s) or method(s) that Worlds identified in its preliminary infringement disclosure. The source code is available for inspection at the following locations in accordance with the terms of the Stipulated Protective Order (D.I. 39):

> Source Code relating to World of Warcraft:
> Blizzard Entertainment, Inc.
> 16215 Alton Parkway
> Irvine, California 92618
>
> Source Code relating to Call of Duty:
> Activision Blizzard, Inc.
> 3100 Ocean Park Blvd.
> Santa Monica, California 90405

## V.    ONGOING DISCOVERY AND DISCLOSURES

The parties are currently engaged in discovery and Activision's investigation is ongoing. Activision might seek to supplement, amend, and/or modify the positions taken and information disclosed in these charts including, without limitation, the grounds of non-infringement set forth herein, to take into account information or defenses that may come to light as a result of these continuing efforts.

Respectfully Submitted,

Dated: May 19, 2014					By: *Kathryn N. Hong*
    Jesse J. Jenner (*pro hac vice*)
    Gene W. Lee (*pro hac vice*)
    Brian P. Biddinger (*pro hac vice*)
    Matthew J. Moffa (*pro hac vice*)
    ROPES & GRAY LLP
    1211 Avenue of the Americas
    New York, New York 10036-8704
    T: (212) 596-9000
    F: (212) 596-9050

    Kathryn N. Hong (*pro hac vice*)
    ROPES & GRAY LLP
    1900 University Avenue, 6th Floor
    East Palo Alto, CA 94303
    T: (650) 617-4000
    F: (650) 617-4090

    Samuel Brenner (BBO# 677812)
    ROPES & GRAY LLP
    Prudential Tower
    800 Boylston Street
    Boston, MA 02199-3600
    T: (617) 951-7000
    F: (617) 951-7050

    ATTORNEYS FOR DEFENDANTS,
    ACTIVISION BLIZZARD, INC.,
    BLIZZARD ENTERTAINMENT, INC.
    AND ACTIVISION PUBLISHING, INC.

# CERTIFICATE OF SERVICE

    I hereby certify that this document and all attachments filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those non-registered participants (if any) on May 19, 2014.

                 /s/ *Kathryn N. Hong*
                   Kathryn N. Hong