# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WORLDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC., <br> BLIZZARD ENTERTAINMENT, INC. and <br> ACTIVISION PUBLISHING, INC., <br><br> Defendants. | Civil Action No. 1:12-CV-10576 (DJC) |

## ACTIVISION'S UNOPPOSED MOTION FOR LEAVE
## TO FILE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFS

Pursuant to Local Rule 7.1(b)(3), Activision Blizzard, Inc.; Blizzard Entertainment, Inc.; and Activision Publishing, Inc., (collectively "Activision") ask that Activision and plaintiff Worlds, Inc. ("Worlds") each be given leave to file a short supplemental claim construction brief. A copy of Activision's proposed Supplemental Claim Construction brief is attached hereto. If the Court grants leave for supplemental briefing as requested, Activision asks the Court to enter the attached brief.

The parties filed Opening Claim Construction briefs on April 22, 2013 (D.I. 62 and 63), and Responsive Claim Construction briefs on May 6, 2013 (D.I. 68 and 69). Defendant Activision's briefs argued that the following terms of Worlds' asserted patent claims are invalid for indefiniteness under 35 U.S.C. 112, ¶ 2, or indefinite if not construed as urged by Activision (D.I. 63 and 69).

- "Participant Condition" and "Condition"
- "Third User Perspective"

- "A Rendering In Which All Of A Perspective View Of A Local User Avatar Of The Local User Is Displayed"
- "Synchronously Disseminating … Positions"

Worlds argued to the contrary (D.I. 62 and 68).

In June 2014, the U.S. Supreme Court issued its decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. ____ (2014), defining a new standard for indefiniteness under Section 112, ¶ 2, and expressly rejecting the Federal Circuit's "insolubly ambiguous or not amenable to construction" standard. Both parties, in their 2013 claim construction briefs, had addressed questions of indefiniteness under the now-rejected standard.

Given this recent change in the law, supplemental briefing is now appropriate to allow both parties to address indefiniteness under the new standard in advance of the upcoming October 3 Markman hearing. *See Okor v. Sega of America, Inc.,* 193 F. Supp. 2d 269, 277 (D. Mass 2001).[1] Accordingly, Activision hereby seeks leave of the Court to file a supplemental claim construction brief, up to 10 pages in length, limited to the subject of indefiniteness in view of the *Nautilus* decision for the claim terms identified above. Activision further asks that the Court permit Worlds to file, by September 12, 2014, a supplemental responsive claim construction brief, up to 10 pages in length, limited to the subject of indefiniteness in view of *Nautilus* for these same terms.

---

[1]   In *Okor*, Judge Woodlock allowed all parties to address a change in Federal Circuit patent law relevant to the merits of a pending motion for summary judgment of non-infringement. The case docket sheet confirms that supplemental briefing was granted to plaintiff and at least defendant Sega of America, after principal briefing on the motion was completed and a hearing date had been set, even though the hearing date was only a month away. *See* Moffa Decl., Exhibit B (Excerpted Docket Index for *Okor*, 1:98-cv-12176-DPW (D. Mass)) at D.I. 100 102, and 111 (highlighted).

Respectfully submitted,

Dated: August 22, 2014

By: /s/ Matthew J. Moffa
Matthew J. Moffa (*pro hac vice*)
BBO#681965
*matthew.moffa@ropesgray.com*
Jesse J. Jenner (*pro hac vice*)
*jesse.jenner@ropesgray.com*
Gene W. Lee (*pro hac vice*)
*gene.lee@ropesgray.com*
Brian P. Biddinger (*pro hac vice*)
*brian.biddinger@ropesgray.com*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
T: (212) 596-9000
F: (212) 596-9050

Samuel L. Brenner (BBO #677812)
*samuel.brenner@ropesgray.com*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts  02199-3600
T: (617) 951-7000
F: (617) 951-7050

Kathryn N. Hong (*pro hac vice*)
*kathryn.hong@ropesgray.com*
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
T: (650) 617-4000
F: (650) 617-4090

ATTORNEYS FOR DEFENDANTS,
ACTIVISION BLIZZARD, INC.,
BLIZZARD ENTERTAINMENT, INC.
AND ACTIVISION PUBLISHING,
INC.

**LOCAL RULE 7.1 CERTIFICATION**

      I, Matthew J. Moffa, hereby certify that counsel for Activision conferred with counsel for Worlds in a good faith attempt to resolve or narrow the issues presented by this motion and that Words does not oppose the relief sought.

                                               /s/ Matthew J. Moffa
                                               Matthew J. Moffa
                                               BBO#681965

Dated: August 22, 2014

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) this 22nd day of August, 2014.

By: /s/ Matthew J. Moffa
    Matthew J. Moffa
    BBO#681965