UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORLDS, INC.,<br><br>        Plaintiff,<br><br>        vs.<br><br>ACTIVISION BLIZZARD, INC.,<br>BLIZZARD ENTERTAINMENT, INC. and<br>ACTIVISION PUBLISHING, INC.,<br><br>        Defendants. | Civil Action No. 1:12-CV-10576 (DJC)<br><br>JURY TRIAL DEMANDED |

## JOINT STATUS REPORT

On October 21, 2019, the Court granted Worlds, Inc. ("Worlds'") and Activision Blizzard, Inc., Blizzard Entertainment, Inc., and Activision Publishing, Inc.'s ("Activision") (collectively, "the parties") Joint Motion to Stay and ordered the parties to file a further status report by December 21, 2019.

The parties hereby file this joint report regarding the status of the *inter partes* review ("IPR") proceedings between Worlds and third-party Bungie, Inc. (the "IPR Petitioner"). The parties also set forth their positions about whether and how litigation in the district court should proceed

### I.   STATUS

Between November 30, 2015 and December 7, 2015, the PTAB instituted six IPR proceedings covering all claims asserted in this lawsuit. In late November and early December 2016, the PTAB issued final written decisions in all six IPR proceedings. Of the claims asserted

by Worlds in this litigation, the PTAB determined the following claims unpatentable: claim 1 of U.S. Patent No. 7,945,856, claims 1-3, 5-7, 10-12, 14, 15, 17, and 19 of U.S. Patent No. 7,181,690 (the "'690 Patent"), claims 4, 6, 8, and 9 of U.S. Patent No. 5,493,558 (the "'558 Patent"), claims 1, 18, and 20 of U.S. Patent No. 8,145,998, and claims 1-8, 10, 12, 14-16 of U.S. Patent No. 8,082,501. The PTAB further determined that the IPR Petitioner did not show by a preponderance of the evidence that the following claims are unpatentable: claims 4, 8, 13, and 16 of the '690 Patent and claims 5 and 7 of the '558 Patent.

Worlds filed notices of appeal as to the PTAB's decisions invalidating claims in the '856 (IPR2015-01264), '501 (IPR2015-01319), and '998 (IPR2015-01321) Patents. The Federal Circuit consolidated the three appeals and heard argument on March 9, 2018. *See Worlds, Inc. v. Bungie, Inc.*, Nos. 17-1481 (lead) (Fed. Cir.), 17-1546, 17-1583.

Although the Federal Circuit has issued its decision, the *inter partes review* process remains ongoing. There have been no developments or decisions since the previous Status Report. On September 7, 2018, the U.S. Court of Appeals for the Federal Circuit vacated and remanded the final written decisions of the U.S. Patent & Trademark Office's Patent Trial and Appeal Board ("PTAB") in *inter partes* review proceeding Nos. IPR2015-01264, IPR2015-01319, and IPR2015-01321. *Worlds Inc. v. Bungie, Inc*., 903 F.3d 1237 (Fed. Cir. 2018). In its decision, the Federal Circuit instructed the PTAB to: (1) consider whether Worlds is estopped from arguing the issue of Real Party in Interest ("RPI") and (2) reevaluate the merits of the RPI issue that places the ultimate burden of persuasion on Bungie in view of the court's more recent RPI decisions including *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1351 (Fed. Cir. 2018) (determining whether a party is a real party in interest "demands a flexible approach that takes into account both equitable and practical considerations, with an eye toward

determining whether the non-party is a clear beneficiary that has a preexisting, established relationship with the petitioner"). The Federal Circuit Mandate issued on October 16, 2018.

On November 29, 2018, following a November 7, 2018 teleconference with the parties, the Board issued its Order on the Conduct of Proceedings ("Order") and determined that further discovery on the issue of Real Party in Interest would not be authorized. The Board's November 29 Order also sets a briefing schedule for the parties to address the issues of RPI, and whether Worlds is collaterally estopped from arguing the RPI issue on remand. Order at 10–11. As of February 22, 2019, this briefing has been complete and the parties now await the Board's decisions on remand.

## II.     PARTIES' POSITIONS

### A.     Worlds' Position

Although the PTAB has not issued any decision on remand, Worlds submits that the stay should be lifted in this case and district court litigation should proceed. Worlds will separately request a status conference so that a pretrial schedule can be entered.

As explained above, the PTAB determined that the IPR Petitioner failed to show that the following claims are unpatentable: claims 4, 8, 13, and 16 of the '690 Patent and claims 5 and 7 of the '558 Patent. These decisions have not been appealed by either party and are final.

Additionally, the PTAB's decisions on the '856 Patent (IPR2015-01264), the '501 Patent (IPR2015-01319), and the '998 Patent (IPR2015-01321) have been vacated and remanded since September 7, 2018, with no decisions on remand expected in the foreseeable future for the following reasons.

While the PTAB must meet statutory deadlines for issuing its institution decisions and final written decisions in *inter partes* review proceedings (*see* 35 U.S.C. §§ 314(b), 316(a)(11)),

there is no time requirement for the PTAB to issue its decisions on remand.  Instead, the PTAB has issued its Standard Operating Procedure 9 ("SOP 9", available at https://www.uspto.gov/sites/default/files/documents/sop_9_%20procedure_for_decisions_remanded_from_the_federal_circuit.pdf), which is entitled "Procedure for Decisions Remanded from the Federal Circuit for Further Proceedings."  This document indicates that the "Board has established a goal to issue decisions on remanded cases within six months of the Board's receipt of the Federal Circuit's mandate."  SOP 9, 1.

Here, the Federal Circuit's mandate on the remanded IPRs issued on October 16, 2018, and no additional discovery was ordered by the Board on remand.  Despite the simplification of issues on remand, the Board has missed its goal of issuing its decisions on remand by more than eight (8) months.  The Board has not communicated any reason for this delay to the parties, and therefore has left the parties uncertain when, or if, the Board will ever decide the remanded cases.

Further adding uncertainty to the timing of any PTAB decisions on remand, the Federal Circuit recently decided *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 2018-2140 (Fed. Cir. Oct. 31, 2019), in which the Federal Circuit concluded that "the appointment of the Board's Administrative Patent Judges ('APJs') by the Secretary of Commerce, as currently set forth in Title 35, violates the Appointments Clause, U.S. Const., art. II, § 2, cl. 2."  *Arthrex*, slip op. at 2. On December 16, 2019, Arthrex, Smith & Nephew, and the federal government each petitioned the Federal Circuit for rehearing or rehearing en banc of its Oct. 31st decision.  Until the *Arthrex* decision is final, it is unclear what legal effect any decision from the PTAB's APJs will have.

Under these circumstances, it is reasonable to conclude that where no statutory deadline exists for a Board decision, the PTAB will refrain from issuing such decision until the *Arthrex*

4

decision is final.  Indeed, given the already-extensive delay in the PTAB's issuance of the Worlds decisions on remand and the lack of any statutory deadline for these decisions, it is reasonable to believe that no Worlds decision on remand will issue before the *Arthrex* case becomes final.

Worlds will thus file separately a motion for status conference so that the parties can appear and the Court can set a pretrial schedule. Proceeding with discovery, resolving the outstanding motion brought by Activision under 35 U.S.C. § 101, and advancing toward trial is the only way to resolve the parties' dispute.

### B.      Activision's Position

Activision submits that the stay should remain in place until the conclusion of IPR proceedings.  To date, the IPR proceedings have already reduced the number of issues before the Court, and conclusion of the remaining IPRs might significantly reduce the issues even further. As discussed above, the PTAB previously invalidated all but six claims asserted by Worlds, and may affirm all of those invalidations on remand.

As the parties together previously explained, the *inter partes* review proceedings in those cases remain ongoing and substantial and disputed questions have not been finally resolved.  As the parties have also previously explained, courts in this district and others routinely stay patent infringement lawsuits when the PTAB institutes IPR proceedings as to all asserted claims, and where, as here, significant fact and expert discovery has yet to be completed and the IPR determination could simplify issues in the case.  *See, e.g.*, *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352 (D. Mass. 2015) (staying proceedings pending IPR).  Additionally, courts routinely stay patent infringement lawsuits pending Federal Circuit appeals of the PTAB's final written decisions.  *See, e.g.*, *Depomed, Inc. v. Purdue Pharma L.P.*, 2016 WL 50505 (D.N.J. Jan. 4,

7046834v1/013049

2016) (denying request to lift stay pending appeal of PTAB IPR decisions); *Cutsforth, Inc. v. Westinghouse Air Brake Techs. Corp.*, 2015 WL 9859635, at *4 (D. Minn. Jan. 15, 2015) ("[T]he Court finds that it in the best interest of the parties and the Court to stay the entirety of this suit until the Federal Circuit issues its ruling on Cutsforth's [IPR] appeal.").

If Worlds seeks to lift the stay, Activision submits that Worlds should proceed on only the six claims that were not invalidated by the PTAB.  For claims 1-3, 5-7, 10-12, 14, 15, 17, and 19 of the '690 Patent and claims 4, 6, 8, and 9 of the '558 Patent, the PTAB found those claims invalid, and Worlds never appealed, and so those claims should be dismissed in any case.  For the remaining claims that the PTAB invalidated that are now on remand, the substantive invalidity issues are not in question.  Requiring Activision and the Court the expend resources on litigating claims whose substantive invalidity is not in question and which may again be invalidated by the PTAB after a decision on the remand would be wasteful.

Activision further submits that all activity in the case (including fact discovery) should be stayed while the parties update Activision's § 101 motion (which was briefed and argued at the time of the original stay), so that the Court can address that potentially dispositive motion before the parties incur any additional costs and while the parties continue to wait for the IPR proceedings in the *Bungie* cases.  Further, should Worlds wish to pursue asserting claims previously invalidated by the PTAB that are now on remand, Activision submits that the parties brief the invalidity issues previously decided by the PTAB at the same time as the pending §101 motion.

7046834v1/013049

Dated: December 23, 2019

Respectfully submitted,


By: */s/ Max L. Tribble*                       By: */s/ David S. Chun*
Max L. Tribble (pro hac vice)           David S. Chun (pro hac vice)
mtribble@susmangodfrey.com         david.chun@ropesgray.com
Chanler Langham (pro hac vice)       ROPES & GRAY LLP
clangham@susmangodfrey.com         1900 University Avenue
Ryan Caughey (pro hac vice)           6th Floor
rcaughey@susmangodfrey.com         East Palo Alto, CA 94303-2284
SUSMAN GODFREY L.L.P.               T: (650) 617-4000
1000 Louisiana Street, Suite 5100       F: (650) 617-4090
Houston, Texas 77002
T: (713) 651-9366                            Samuel Brenner
F: (713) 654-6666                            BBO# 677812
                                                    ROPES & GRAY LLP
Joel R. Leeman                              Prudential Tower
jleeman@sunsteinlaw.com               800 Boylston Street
BBO # 292070                              Boston, MA 02199-3600
SUNSTEIN KANN MURPHY & TIMBERS     T: (617) 951-7000
125 Summer Street                          F: (617) 951-7050
Boston, MA 02110-1618
T: (617) 443-9292                           ATTORNEYS FOR DEFENDANTS,
F: (617) 443-0004                           ACTIVISION BLIZZARD, INC., BLIZZARD
                                                    ENTERTAINMENT, INC. AND
ATTORNEYS FOR PLAINTIFF WORLDS,     ACTIVISION PUBLISHING, INC.
INC.


## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was filed through the Court's ECF system on the above date and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ *Max L. Tribble*                                      
Max L. Tribble

7

7046834v1/013049