UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WORLDS, INC.,  )<br>  )<br>            Plaintiff,  )<br>  )<br>            vs.  )<br>  )<br>ACTIVISION BLIZZARD, INC.,  )<br>BLIZZARD ENTERTAINMENT, INC. and  )<br>ACTIVISION PUBLISHING, INC.,  )<br>  )<br>           Defendants.  ) | Civil Action No. 1:12-CV-10576 (DJC)<br><br>JURY TRIAL DEMANDED |

## JOINT STATUS REPORT

Pursuant to this Court's March 26, 2020 Order (Dkt. 253), Plaintiff Worlds, Inc. ("Worlds'") and Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., and Activision Publishing, Inc. (collectively, "Activision") jointly submit the following status report outlining what remains in the case for the Court to resolve and proposing a schedule for doing so.

### I.     PRIOR LITIGATION STATUS

This case was filed by Worlds against Activision on March 30, 2012. Dkt. 1. Prior to the issuance of the stay pending *inter partes* review of the patents-in-suit, Worlds asserted 40 total claims across five patents against Activision. The Court issued its claim construction order on June 26, 2015, addressing all patents-in-suit. Dkt. 153. The parties subsequently exchanged updated infringement and invalidity contentions. Dkts. 160, 164. The Court issued a Scheduling Order on September 16, 2015, adopting the parties' prior proposed Joint Pretrial Schedule, and scheduled an Initial Pretrial Conference for September 29, 2016. Dkts. 180-182. As a result of *inter partes* review, 17 asserted claims were invalidated, leaving 23 of the 40 claims asserted

pre-stay. Fact discovery was ongoing when *inter partes* review was initiated and this district court litigation was stayed. The parties made substantial productions of documents and materials, including source code pursuant to the protective order. In addition, the parties had conducted a few depositions; however, additional fact discovery still needs to be completed. The parties have yet to serve expert reports or complete expert discovery.

## II.     REMAINING ISSUES FOR THE COURT TO RESOLVE

The following items remain for the Court to resolve:

1.     Activision filed a motion for summary judgment under 35 U.S.C. § 101 (Dkt. 174), and that motion was taken under advisement by the Court prior to the stay of proceedings (Dkt. 194). As discussed below, the parties propose a schedule for supplementing the briefing on Activision's pending § 101 motion in view of intervening Federal Circuit law.

2.     Remaining disputed issues include determinations of whether the patents-in-suit are infringed; whether the patents-in-suit are invalid; and, if any claims of the patents-in-suit are infringed and not invalid, the amount of damages to be awarded. Therefore, the parties respectfully ask that the Court establish a case schedule, including deadlines for conducting fact discovery, deadlines for case narrowing, exchange of expert reports, conducting expert discovery, filing of dispositive and *Daubert* motions, and holding a pretrial conference.

3.     In addition, Activision submits that a further issue that needs to be addressed— and should be addressed before discovery is reopened—is a schedule for the parties to meet and confer as to the proper scope of estoppel in view of the IPR proceedings (Dkt. 242 at 7), and, if needed, a briefing and hearing schedule to resolve any disputes.[1]

---

[1] In mid-March, Activision hired Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") to serve as counsel in the case going forward. WilmerHale is working to transition the case file

4. Worlds' response to ¶3: This case has been pending for over eight years, and the further postponing of fact discovery will unnecessarily delay the timely resolution of this case. Additionally, the scope of Activision's estoppel under 35 U.S.C. § 315(e)(2) is currently premature and should be treated as a dispositive motion if it remains in dispute at that time.

## II. JOINTLY PROPOSED SCHEDULE

Pursuant to the Court's Order (Dkt. 253), the Parties hereby submit their proposed pretrial schedules. The parties have met and conferred on the proposed pretrial dates.

Activision respectfully submits that discovery in this case should remain stayed pending resolution of certain threshold issues that will determine the contours of this case moving forward. Those issues are: (1) Worlds' narrowed election of asserted claims in view of the IPR proceedings and discovery and claim construction rulings prior to the stay; (2) Activision's motion for summary judgment under 35 U.S.C. § 101, which is case dispositive; and (3) the proper scope of estoppel in view of the IPR proceedings. Activision proposes the following schedule for resolving those threshold issues:

| Event | Activision's Proposed Date |
|---|---|
| Worlds' Narrowed Election of Asserted Claims | May 5, 2020 |
| Activision's Supplemental Briefing on Its Pending 35 U.S.C. § 101 Motion | May 19, 2020 |
| Worlds' Brief on IPR Estoppel | May 19, 2020 |
| Worlds' Opposition to Activision's Supplemental Brief on Its Pending 35 U.S.C. § 101 | June 9, 2020 |
| Activision's Responsive Brief on IPR Estoppel | June 9, 2020 |
| Reply Brief ISO Activision's Supplemental Briefing on Its Pending 35 U.S.C. § 101 Motion | June 23, 2020 |
| Hearing on Activision's § 101 Motion and IPR Estoppel | At the Court's convenience on or after July 15, 2020 |
| Status Conference to Determine Further Pretrial Deadlines, as appropriate | After the Court's ruling on Activision's § 101 motion and the scope of any IPR estoppel |

from prior counsel for Activision, Ropes & Gray LLP, which will withdraw following the transition.

3

The parties also propose the following pretrial dates. Activision proposes the following pretrial schedule only in the alternative should the Court determine that it wishes to set a case schedule pending resolution of Activision's motion for summary judgment under 35 U.S.C. § 101 and the scope of any IPR estoppel. Where the parties do not agree on proposed pretrial dates, both parties' proposals have been included.

| Event | Worlds' Proposed Date | Activision's Proposed Date |
|---|---|---|
| Reopening of Fact Discovery | April 14, 2020 | After ruling on Activision's § 101 motion and the scope of any IPR estoppel (alternatively, April 14, 2020) |
| Worlds' Narrowed Election of Asserted Claims | May 5, 2020 (Agreed) | |
| Activision's supplemental briefing on its pending 35 U.S.C. § 101 motion | May 19, 2020 (Agreed) | |
| Worlds' Brief on IPR Estoppel | To be briefed with Dispositive Motions | May 19, 2020 |
| Worlds' opposition to Activision's supplemental briefing on its pending 35 U.S.C. § 101 motion | June 9, 2020 (Agreed) | |
| Activision's Responsive Brief on IPR Estoppel | To be briefed with Dispositive Motions | June 9, 2020 |
| Reply brief ISO Activision's supplemental briefing on its pending 35 U.S.C. § 101 motion (Limited to 5 Pages) | June 23, 2020 (Agreed) | |
| Hearing on Activision's § 101 Motion and IPR Estoppel | At the Court's convenience on or after July 15, 2020 (Agreed) | |
| Close of Fact Discovery | January 14, 2021 | 150 days after ruling on Activision's § 101 motion and the scope of any IPR estoppel (alternatively, January 14, 2021) |
| Worlds' Narrowing of Asserted Claims (Worlds: No more than 5 claims per patent; 15 claims maximum / Activision: No more than 3 claims per patent; 15 claims maximum) | January 21, 2021 | 7 days after the close of fact discovery (alternatively, January 21, 2021) |
| Activision's Narrowing of Prior | February 4, 2021 | 21 days after the close of fact |

| Event | Worlds' Proposed Date | Activision's Proposed Date |
|---|---|---|
| Art (No more than 7 prior art references per patent; 20 references maximum) | | discovery (alternatively, February 4, 2021) |
| Opening Expert Reports | February 18, 2021 | 35 days after the close of fact discovery (alternatively, February 18, 2021) |
| Rebuttal Expert Reports | March 25, 2021 | 70 days after the close of fact discovery (alternatively, March 25, 2021) |
| Close of Expert Discovery | April 15, 2021 | 91 days after the close of fact discovery (alternatively, April 15, 2021) |
| Deadline to File Dispositive/*Daubert* Motions | May 13, 2021 | 28 days after the close of expert discovery (alternatively, May 13, 2021) |
| Deadline for Oppositions to Dispositive/*Daubert* Motions | June 10, 2021 | 56 days after the close of expert discovery (alternatively, June 10, 2021) |
| Deadlines for Reply Briefs ISO Dispositive/*Daubert* Motions (Limited to 5 Pages) | June 24, 2021 | 70 days after the close of expert discovery (alternatively, June 24, 2021) |
| Hearing on Dispositive/*Daubert* Motions | At the Court's convenience, on or after July 14, 2021 | At the Court's convenience, on or after 90 days after the close of expert discovery (alternatively, at the Court's convenience on or after July 14, 2021) |
| Worlds' Final Election of Asserted Claims (6 claims maximum) | 14 days after ruling on dispositive motions (Agreed) | |
| Activision's Final Election of Prior Art (12 references maximum) | 28 days after ruling on dispositive motions (Agreed) | |
| Pretrial Conference/Trial | 60 days after ruling on dispositive motions (Agreed) | |

Dated: April 6, 2020

Respectfully submitted,

By: */s/ Wayne M. Helge*
Max L. Tribble (*pro hac vice*)
mtribble@susmangodfrey.com
Chanler Langham (*pro hac vice*)
clangham@susmangodfrey.com
Ryan Caughey (*pro hac vice*)
rcaughey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
T: (713) 651-9366
F: (713) 654-6666

Wayne M. Helge (*pro hac vice*)
whelge@dbjg.com
Aldo Noto (*pro hac vice*)
anoto@dbjg.com
Alan A.Wright (*pro hac vice*)
awright@dbjg.com
Gregory A. Krauss (*pro hac vice*)
GKrauss@dbjg.com
James T. Wilson (*pro hac vice*)
jwilson@dbjg.com
DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP
8300 Greensboro Drive, Suite 500
McLean, VA 22102
T: (571) 765-7700

Joel R. Leeman
jleeman@sunsteinlaw.com
BBO # 292070
SUNSTEIN KANN MURPHY & TIMBERS
125 Summer Street
Boston, MA 02110-1618
T: (617) 443-9292
F: (617) 443-0004

ATTORNEYS FOR PLAINTIFF WORLDS,
INC.

By: */s/ Sonal N. Mehta*
Sonal N. Mehta (*pro hac vice*)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE
   AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Tel.: (650) 858-6000
Fax: (650) 858-6100

Kevin S. Prussia (BBO# 666813)
kevin.prussia@wilmerhale.com
Claire M. Specht (BBO# 687952)
claire.specht@wilmerhale.com
Rian M. Rossetti (BBO# 703878)
rian.rossetti@wilmerhale.com
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA  02109
Tel.: (617) 526-6000
Fax: (617) 526-5000


ATTORNEYS FOR DEFENDANTS,
ACTIVISION BLIZZARD, INC., BLIZZARD
ENTERTAINMENT, INC. AND
ACTIVISION PUBLISHING, INC.

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was filed through the Court's ECF system on the above date and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Wayne M. Helge*
Wayne M. Helge