IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WORLDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:12-CV-10576 (DJC) |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ACTIVISION BLIZZARD, INC., ) | |
| BLIZZARD ENTERTAINMENT, INC. ) | |
| and ACTIVISION PUBLISHING, INC., ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ORDER CONCERNING REMOTE DEPOSITIONS**

IN CONSIDERATION of the PARTIES' JOINT MOTION FOR ORDER CONCERNING REMOTE DEPOSITIONS, the Court is of the opinion that said JOINT MOTION should be granted, and it is hereby ORDERED that:

1. All depositions taken of fact witnesses during the current fact discovery period in this action shall be conducted remotely using videoconference technology, and at the option of the party taking the deposition, each deponent may be video-recorded. The Parties shall meet and confer before any expert deposition is taken regarding whether the terms of this Stipulation shall apply to expert depositions. Further, should fact discovery be re-opened by the Court or upon any remand, the Parties shall meet and confer regarding whether the terms of this Stipulation will apply to fact witness depositions taken during that period.

2. The Parties agree that an employee of the court reporting service may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer any virtual breakout rooms.

3. The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately; no counsel will be physically present with the witness. While on the record, each person attending a deposition shall be visible to all other participants and their statements shall be audible to all participants.

5. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a deponent is being questioned—including when a question is pending—except for the purpose of determining whether a privilege should be asserted.

6. During breaks in the deposition, the Parties may use a breakout room feature provided by the court reporting service. Conversations in the breakout rooms shall not be recorded.

7. The Parties agree not to challenge the validity of any oath administered by a remote court reporter, provided that the court reporter is a notary public in the location where the court reporter is located.

8. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter before the start of the deposition.

9. Nothing in this Stipulation alters the Parties' obligations and rights under the Protective Order, Dkt. 49, regarding the designation of deposition transcripts. *See, e.g.*, Dkt. 49 ¶¶ 10.1-10.3.

10. The Party that noticed the deposition shall provide the court reporting service with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

11. The Parties agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition if the deponent cannot hear or understand the other participants or if the participants cannot hear or understand the deponent.

12. This Stipulation and Order applies to remote depositions of non-parties under Federal Rule of Civil Procedure 45. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Federal Rule of Civil Procedure 45 a reasonable time before the date of the deposition.

13. Unless the relevant Parties agree otherwise, exhibits (except for exhibits designated "HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE" under the Protective Order) shall be introduced electronically during the deposition by using the court reporting service's document-sharing technology. Notwithstanding the foregoing, the deponent and their counsel shall be contemporaneously provided with a downloadable electronic copy of the entirety of the exhibit in PDF or native format so that the deponent and their counsel can independently review any portion(s) of the exhibit. If a party intends to introduce an exhibit that is not in a standard file format (*e.g.*, Word, Excel), that party will advise the other parties of the file format and the software or application necessary to view the file format reasonably in advance of the deposition

(i.e., at least twenty-four hours) so that the other parties have the opportunity to obtain the software or application necessary to view the exhibit in the non-standard format. The Party that noticed the deposition may provide the downloadable electronic copy of the exhibit to the deponent and their counsel in advance of the deposition.

14. Any exhibits that are designated "HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE" under the Protective Order that a Party may introduce during any deposition will be provided to the deponent in hardcopy; they will not be introduced electronically via the court reporting service's document-sharing technology. The Producing Party will furnish the deponent with hardcopies of the "HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE" for the Producing Party that has been printed to-date in the case in advance of the deposition.

15. If there are additional "HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE" materials that counsel may offer at the deposition, it must notify counsel for the deponent at least twenty-four hours in advance of the deposition so that counsel for the deponent may furnish hardcopies of those materials to the deponent. The deponent will be instructed not to open any such materials until the deposition commences.

16. This Order may be amended or modified by consent of the parties or order of the Court.

It is so **ORDERED.**

February  9 , 2021.

*Denise J. Casper*

The Honorable Denise J. Casper
United States District Judge