# EXHIBIT 9

| | |
|---|---|
| **From:** | Wayne M. Helge <whelge@davidsonberquist.com> |
| **Sent:** | Thursday, February 4, 2021 3:41 PM |
| **To:** | Specht, Claire; Ethan Song; WH Activision Blizzard Worlds Service; Mehta, Sonal |
| **Cc:** | MTRIBBLE@SusmanGodfrey.com; Aldo Noto; Alan A. Wright; Greg Krauss; James Wilson; jleeman@sunsteinlaw.com; rcaughey@susmangodfrey.com; clangham@SusmanGodfrey.com; Worlds Activision DBJG |
| **Subject:** | RE: Worlds Inc. v. Activision Blizzard, Inc. et al., No. 12-cv-10576-DJC (D. Mass.) / Worlds 30(b)(1) Deposition Notices |
| **Categories:** | Activision/Worlds |

**EXTERNAL SENDER**

Claire, thanks for your response below.

Based on your designation of Mr. Kostich for Topic 28, Worlds will withdraw its 30(b)(1) deposition notice to Mr. Kotick, but reserves the right to reissue that notice should Mr. Kostich be unprepared to testify on this topic.

Regarding Mr. Griffith's deposition, as I stated in my letter, Defendants have identified Mr. Griffith on their Supplemental Disclosures and their Second Supplemental Disclosures—respectively served on October 2, 2015 and January 25, 2021—under Fed. R. Civ. P. 26(a)(1)(A)(i) as a person likely to have ***discoverable information*** that Defendants may use to support their claims or defenses. By these notices, Defendants are disclosing that they may use ***discoverable information*** from Mr. Griffith to support their claims or defenses, and Worlds is entitled to depose Mr. Griffith on that ***discoverable information*** he is likely to have. Further, Fed. R. Civ. P. 30(a)(1) states that a "party may, by oral questions, depose ***any person***, including a party, without leave of court except as provided in Rule 30(a)(2)." (emphasis added). Moreover, the parties notified the Court of their agreement on fact depositions in the Joint Scheduling Statement (Dkt. 27, p. 9): "***The parties agree that*** each side is limited to a total of 75 hours for fact witness depositions, including any corporate deposition under Fed. R. Civ. P. 30(b)(6), and that ***there shall be no limit on the number of fact depositions***." Finally, our research shows that Mr. Griffith's name appears or is mentioned on over 9,100 documents in Activision's production, and that over 7,800 of those documents do not mention Mr. Cash or Mr. Elliott. Questioning Mr. Griffith on his personal knowledge of the topics in certain of these documents will not be unreasonably cumulative with a 30(b)(6) witness's testimony. We are not aware of any D.Mass. case with comparable factors where the Court denied a motion to compel the noticed deposition, and you have not identified any such case. Under these circumstances, Worlds is willing to go to the Court to compel Mr. Griffith's deposition and reserves all rights with respect to its fees and costs associated with this motion practice.

If Defendants are refusing to make Mr. Griffith available for deposition, please identify a date and time that Defendants are available to meet and confer on this issue. Worlds is available on Feb. 5, 2021 from 1-2pm (ET), and 3:30pm to 5:00pm (ET).

We look forward to hearing from you on this.

Best,

Wayne

**From:** Specht, Claire <Claire.Specht@wilmerhale.com>
**Sent:** Thursday, February 04, 2021 1:29 PM
**To:** Wayne M. Helge <whelge@davidsonberquist.com>; Ethan Song <esong@davidsonberquist.com>; WH Activision Blizzard Worlds Service <WHActivisionBlizzardWorldsService@wilmerhale.com>; Mehta, Sonal

<Sonal.Mehta@wilmerhale.com>
**Cc:** MTRIBBLE@SusmanGodfrey.com; Aldo Noto <anoto@davidsonberquist.com>; Alan A. Wright <awright@davidsonberquist.com>; Greg Krauss <gkrauss@davidsonberquist.com>; James Wilson <jwilson@davidsonberquist.com>; jleeman@sunsteinlaw.com; rcaughey@susmangodfrey.com; clangham@SusmanGodfrey.com; Worlds Activision DBJG <worlds-activision@dbjg.com>
**Subject:** RE: Worlds Inc. v. Activision Blizzard, Inc. et al., No. 12-cv-10576-DJC (D. Mass.) / Worlds 30(b)(1) Deposition Notices

**\*EXTERNAL EMAIL\***

Wayne,

Subject to Defendants' objections and responses and consistent with the scope set forth in Defendants' January 21, 2021 Letter to Worlds, Defendants will be designating Rob Kostich on Topic 28.  *See* Jan. 21, 2021 Letter from Defs. to Worlds re Worlds' Suppl. 30(b)(6) Deposition Notice at 7 ("With respect to Topic 28—All Communication You have had with Worlds—Defendants are willing to provide a designee to testify regarding the communication that Worlds claims occurred between Robert Kotick, Thomas Kidrin, and Bernard Stoler in 2002, before the asserted patents issued.").  Mr. Kostich is scheduled to be deposed on February 11.  In view of the statements in your letter, please confirm that Worlds will be withdrawing the notice to Mr. Kotick.

As to Mr. Griffith's deposition, your letter omits that Federal Rule of Civil Procedure 26 requires that discovery be proportional to the needs of the case, not unduly burdensome, ***and not unreasonably cumulative***.  Fed. R. Civ. P. 26(b).  We are concerned that Worlds is taking advantage of the remote environment caused by the pandemic to insist on discovery that Worlds might not otherwise have taken if it had to bear the cost of traveling to California to do an in-person deposition.  We note that Worlds is persisting in its demand to depose Mr. Elliott, despite the fact that he has not worked on the accused World of Warcraft games since 2012, and despite the fact that Worlds already received ample corporate testimony regarding the functionality of those games during its deposition of Mr. Cash.  We asked Worlds to explain what noncumulative information it seeks from Mr. Elliott; Worlds refused.  Once again, absent from your letter is an answer to my question:  What information does Worlds seek from Mr. Griffith that is not cumulative of testimony to be covered by a 30(b)(6) deposition of Activision on technical features of the properly accused *Call of Duty* titles?

We reserve all rights with respect to our fees and costs associated with defending any deposition of Messrs. Elliott and Griffith.

Regards,
Claire

**Claire M. Specht | WilmerHale**
+1 617 526 6924 (t)
claire.specht@wilmerhale.com

---

**From:** Wayne M. Helge <whelge@davidsonberquist.com>
**Sent:** Wednesday, February 3, 2021 12:12 PM
**To:** Specht, Claire <Claire.Specht@wilmerhale.com>; Ethan Song <esong@davidsonberquist.com>; WH Activision Blizzard Worlds Service <WHActivisionBlizzardWorldsService@wilmerhale.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>
**Cc:** MTRIBBLE@SusmanGodfrey.com; Aldo Noto <anoto@davidsonberquist.com>; Alan A. Wright <awright@davidsonberquist.com>; Greg Krauss <gkrauss@davidsonberquist.com>; James Wilson <jwilson@davidsonberquist.com>; jleeman@sunsteinlaw.com; rcaughey@susmangodfrey.com; clangham@SusmanGodfrey.com; Worlds Activision DBJG <worlds-activision@dbjg.com>

2

**Subject:** RE: Worlds Inc. v. Activision Blizzard, Inc. et al., No. 12-cv-10576-DJC (D. Mass.) / Worlds 30(b)(1) Deposition Notices

**EXTERNAL SENDER**

Claire,

Worlds' response is attached.  We look forward to hearing back from you on this.

Best,

Wayne


Wayne Helge, Esq.
Partner & Registered Patent Attorney
Davidson Berquist Jackson & Gowdey, LLP
8300 Greensboro Drive, Suite 500
McLean, VA 22102
Email: whelge@dbjg.com
Office: 571-765-7700
Cellular: 571-271-9673
http://www.davidsonberquist.com


**From:** Specht, Claire <Claire.Specht@wilmerhale.com>
**Sent:** Monday, February 01, 2021 3:23 PM
**To:** Ethan Song <esong@davidsonberquist.com>; WH Activision Blizzard Worlds Service <WHActivisionBlizzardWorldsService@wilmerhale.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>
**Cc:** MTRIBBLE@SusmanGodfrey.com; Aldo Noto <anoto@davidsonberquist.com>; Alan A. Wright <awright@davidsonberquist.com>; Greg Krauss <gkrauss@davidsonberquist.com>; James Wilson <jwilson@davidsonberquist.com>; jleeman@sunsteinlaw.com; rcaughey@susmangodfrey.com; clangham@SusmanGodfrey.com; Wayne M. Helge <whelge@davidsonberquist.com>; Worlds Activision DBJG <worlds-activision@dbjg.com>
**Subject:** RE: Worlds Inc. v. Activision Blizzard, Inc. et al., No. 12-cv-10576-DJC (D. Mass.) / Worlds 30(b)(1) Deposition Notices

**\*EXTERNAL EMAIL\***

Counsel,

Defendants object to Worlds' recent deposition notices to Robert Kotick and Pat Griffith.

With regard to Robert Kotick, as Worlds is aware, Mr. Kotick is the CEO of Activision Blizzard, Inc.  Mr. Kotick's deposition is *inter alia* unduly burdensome, cumulative, and not proportional to the needs of the case.  Moreover, Defendants will not make Mr. Kotick available for deposition unless Worlds explains what information Worlds seeks from Mr. Kotick beyond the 2002 conversation between Mr. Kidrin, Mr. Stolar, and Mr. Kotick—on which Defendants have already agree to provide 30(b)(6) deposition testimony.  *See* Jan. 21, 2021 Ltr. from Defs. to Worlds re Worlds' Suppl. 30(b)(6) Notice to Defs. at 7; *see also Viscito v. Nat'l Planning Corp.*, 2020 U.S. Dist. LEXIS 131235, at *14 (D. Mass. July 24, 2020)

(granting motion for protective order for apex witness and noting plaintiff "had the option of a Rule 30(b)(6) deposition of [defendant]").

With regard to Pat Griffith, Defendants have already agreed to provide 30(b)(6) deposition testimony concerning the structure, function, and operation of the pertinent functionality for the properly accused *Call of Duty* titles.  *See* Jan. 21, 2021 Ltr. from Defs. to Worlds re Worlds' Suppl. 30(b)(6) Notice to Defs. at 2-3.  Accordingly, a deposition of Mr. Griffith is *inter alia* unduly burdensome, cumulative, and not proportional to the needs of the case.  Please explain what information Worlds seeks from Mr. Griffith that is not cumulative of testimony to be covered by a 30(b)(6) deposition of Activision on technical features of the properly accused *Call of Duty* titles.

Regards,
Claire

**Claire M. Specht | WilmerHale**
+1 617 526 6924 (t)
claire.specht@wilmerhale.com

---

**From:** Ethan Song <esong@davidsonberquist.com>
**Sent:** Wednesday, January 27, 2021 6:10 PM
**To:** WH Activision Blizzard Worlds Service <WHActivisionBlizzardWorldsService@wilmerhale.com>; Specht, Claire <Claire.Specht@wilmerhale.com>; Mehta, Sonal <Sonal.Mehta@wilmerhale.com>
**Cc:** MTRIBBLE@SusmanGodfrey.com; Aldo Noto <anoto@davidsonberquist.com>; Alan A. Wright <awright@davidsonberquist.com>; Greg Krauss <gkrauss@davidsonberquist.com>; James Wilson <jwilson@davidsonberquist.com>; jleeman@sunsteinlaw.com; rcaughey@susmangodfrey.com; clangham@SusmanGodfrey.com; Wayne M. Helge <whelge@davidsonberquist.com>; Worlds Activision DBJG <worlds-activision@dbjg.com>
**Subject:** Worlds Inc. v. Activision Blizzard, Inc. et al., No. 12-cv-10576-DJC (D. Mass.) / Worlds 30(b)(1) Deposition Notices

**EXTERNAL SENDER**

Dear Counsel,

In relation to the above-referenced matter, attached please find Worlds, Inc.'s 30(b)(1) Deposition Notices to Pat Griffith and Robert Kotick.

*Sincerely,*

Ethan Song
Paralegal
**Davidson Berquist Jackson + Gowdey, LLP**
8300 Greensboro Drive
Suite 500
McLean, VA 22102
Tel) 571-765-7739
esong@davidsonberquist.com
_____

CONFIDENTIALITY NOTICE:  This e-mail transmission contains information which may be confidential and/or legally

4

privileged.  This information is only intended for the use of individual or entity named above.  If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message.  Any unauthorized review, use, disclosure or distribution is prohibited.

## Davidson, Berquist, Jackson & Gowdey LLP

**NOTICE**

This message, including any attachments, may contain attorney/client privileged communications and confidential business information and is intended for use only for whom it is addressed. Disclosure, interception, copying, dissemination, or any other use of this message by anyone other than any intended recipient is strictly prohibited. If you receive this message by mistake, please notify the sender or contact Davidson, Berquist, Jackson & Gowdey LLP at 571-765-7700.